## ANDERSON vs. KNOX.

1. In an action upon a covenant of seizin, the breach may be as general as the covenant.

2. A covenant of seizin is broken as soon as made, if the covenantor had no title to the estate granted.

3. An unqualified covenant against incumbrances is broken by the existence, at the time of its execution, of an outstanding incumbrance; but if the covenant merely extends to quiet enjoyment against incumbrances, then it is broken only by an entry, or expulsion from the premises, or some disturbance in the possession.

4. In an action on a covenant of seizin, or against incumbrances, if the plaintiff has bought in an outstanding title or incumbrance, he is entitled to recover the reasonable price which he has fairly and necessarily paid for it.

5. But the amount paid by the plaintiff for such outstanding title or incumbrance is no evidence of its value, in the absence of all other evidence.

6. The fact that the plaintiff offered to prove the reasonableness and fairness of the price paid by him for the outstanding incumbrance, and was prevented by an objection on the part of the defendant, which was sustained by the Court, does not justify the jury in acting without proof, or in considering that as proof which would otherwise be incompetent.

ERROR to the Circuit Court of Montgomery.
Tried before the Hon. George Goldthwaite.

This was an action of covenant brought by Knox against Anderson. The declaration avers the sale and conveyance by Anderson to Knox of certain land therein described, and

that by the said deed of conveyance said Anderson covenant-ed as follows, namely: "that he (Anderson) was lawfully seized in fee of the afore granted premises; that they were free from incumbrance, and that he had a good right to sell and convey the same to the said William Knox, his heirs and assigns."

The breach assigned is, "that said Anderson was not at the date of said deed seized in fee of said premises, and that the same was not free of incumbrance, but the plaintiff avers that a portion of the land, which is particularly described, was granted by the Government of the United States on the 30th November, 1827, to Jonathan Mayhew, and by him conveyed, on the 30th May, 1830, to Lucy Mayhew, and on the 20th September, 1831, by Lucy conveyed to George Whitman, and Harriet Whitman his wife, to hold to them and the survivor of them, and to their children, after the death of the survivor of them, then living, and in default of children then living; to the heirs of the survivor. That in said deed from Lucy Mayhew to George and Harriet P. Whitman, said Lucy covenanted that the said grantees might, by writing under their hands and seals, made in the presence of two witnesses, revoke the limitations contained in said bargain and sale to the said George and Harriet, and such other appoint as they might deem fit. That Anderson claims to have derived his title to the premises by intermediate conveyances through said George and Harriet, who are still living, and also have children living. That at the date of the conveyance by said Anderson to Knox, said Harriet had never in any manner bargained, sold or convey-ed her interest in said land to said Anderson, according to the power contained in the deed from Lucy Mayhew, nor to any other person whatever; that the limitations in said deed were not revoked, but were still outstanding and in full force at the date of said Anderson's conveyance to Knox, and so remain-ed until December, 1849, when, in consideration of seven hundred and fifty dollars paid to said George and Harriet, his wife, by said Knox, they conveyed said premises to him according to the form prescribed in the deed of Lucy May-hew, and thus revoked and extinguished the limitations by said deed to them created, subject to their revocation in the manner therein prescribed."

To the declaration, the substance of which is above stated, the counsel for Anderson demurred, which demurrer was overruled.

A bill of exceptions was sealed upon the trial, from which it appears, the facts stated in the declaration as to the several conveyances were proved, and that Knox had paid to Whitman and his wife, Harriet, the amount stated in the declaration, in order to purchase in the interest of Mrs. Whitman, and to cut off the remainders limited by the deed of Lucy Mayhew.

There was no evidence of the value of the interest or claim of Harriet Whitman under the deed of Lucy Mayhew, except that the plaintiff had paid seven hundred and fifty dollars to her to join in a conveyance, as above stated, with her husband. The plaintiff (Knox) offered to prove that this sum was a reasonable equivalent for the outstanding title so purchased, to which the defendant (Anderson) by his counsel objected, and the court sustained the objection.

Upon this state of facts, the court charged the jury, that if they believed from the evidence that, at the time of the execution of the deed by George and Harriet Whitman, Harriet Whitman was alive, then there was a breach in the covenants contained in the deed from the defendant to the plaintiff; and that if the plaintiff had purchased the interest or claim of Harriet Whitman, he was entitled to recover of the defendant the value of that interest or claim, and that in the absence of any other evidence as to its value, they might take the amount paid by the plaintiff for the purchase as evidence of such value.

The defendant asked the court to charge the jury, that if George Whitman had conveyed the land after the execution of the deed from Lucy Mayhew, and after the 20th December, 1849, and that George and Harriet were both alive, then the plaintiff could only recover nominal damages; which the court refused to give. A judgment was rendered for the plaintiff below upon the verdict in his favor, and the defendant brings the case to this court, and assigns for error:

    1. The overruling the demurrer to the declaration.

    2. The court erred in the charge given.

    3. In refusing the instruction prayed.

N. Harris, for the plaintiff in error.

1. The declaration is bad, because it does not show an outstanding title which c\m be enforced against Knox, the defendant in error, and an assertion of that title, and an ouster or disturbance by means of it.—Loomis v. Bidell, 11 New Ham. 82; Day v. Chism, 10 Wheat. R. 449; 2 Chit. Pl. 545, top; 1 U. S. Dig, 686, § 298, 299; Smith v. Shepherd, 15 Pick. R. 149; Clarke v. McAnulty, 3 Serg. & Rawle, 364; Platt on Cov. top page, 147; 3 Black. Com. 184; Downing v. Baldwin, 1 Serg. & Rawle, 298.

2. The deed made by Whitman to Bunkley estops both Whitman and Mrs. Harriet Whitman during their joint lives, from asserting any title to the property. Mrs. Whitman could only sue during the lifetime of Whitman, by joining her husband, and he is estopped by his deed.—Wralten Read v. Barkerville, 2 Howard's U. S. 359.

3. The amount paid by Knox is no evidence of the value of the title alleged to be outstanding.—Massy v. Cram, 1 McCord, 689; Bond v. Quattlebum, ib. 584.

4. The charge given by the court is not the law, as is shown by the authorities cited to sustain the demurrer.

5. Even if the contingent interest of Mrs. Whitman can be deemed an outstanding title or an incumbrance, she not being capable of enforcing it at the time of the purchase of her interest by Knox, she can only recover nominal damages.— Massey v. Cram, 1 McCord R. 689; Bond v. Quattlebum, ib. 584.

Martin & Baldwin, *contra.*

In an action on a covenant of seisin, the breach may be as general as the covenant. 2 Chitty, 547, note (i); 3 Saunders' R. 182, note (b. c.); Abbot v. Allen, 14 John. R. 251; Sedgwick on Dam. 181; Nickers v. Snyder, 9 Wend. 416.

A vendee of land with a warranty of title may purchase an outstanding paramount title, and recover upon his warranty without an actual eviction. Davenport v. Bartlet, 9 Ala. Rep. 179; Dupuy v. Roebuck, 7 Ala. Rep. 488.

An action for a breach of covenant of seizin may be maintained, though the plaintiff has never been evicted. Abbott v. Allen, 14 John Rep. 251; Prescott v. Trueman, 4 Mass. 627.

A grantor who gives a covenant of seizin is not bound to deliver to his grantee the evidences of his title. The grantee relies on his covenants, and until the grantor discloses his title, the grantee holds the negative, and is not bound to aver or prove any fact in reference to an outstanding title. Abbott v. Allen, 14 John. R. 253.

In an action on a breach of covenant of seisin, the measure of damages is the difference in value of the estate conveyed and that taken under the deed. 12 John. R. 126.

If a grantee has extinguished an outstanding title, he will be entitled in damages to a fair price, which he was necessarily compelled to give for it. 16 John. Rep. 127 ; Prescott v. Trueman, 4 Mass. 627 ; Delavergne v. Norris, 7 John. 358 ; Sedgwick on Meas. of Damages.

The defendant below cannot complain that specific proof of the value of the outstanding title was not given, when the offer to make this proof was excluded on the motion of the party himself that now raises the objection.

CHILTON, J.—We are of opinion that the court properly overruled the demurrer to the declaration. It seems to be well settled, that in an action upon a covenant of seizin, the breach may be as general as the covenant. See Sedgwick on Damages, 181, and cases there cited. In this case, the pleader has averred the existence of an outstanding t tle or incumbrance, showing in what it consists, and also that the plaintiff below purchased it, in order to perfect his title, at the price of seven hundred and fifty dollars. In order to pass the title conveyed by Lucy Mayhew to George Whitman and his wife, it was necessary that they should have conformed to the mode prescribed by the power contained in the deed to them. This they failed to do, and notwithstanding the execution of the deed from Whitman to Bunckley, under whom Anderson claimed, the power to appoint other limitations, inconsistent with the absolute title attempted to be conveyed by Anderson to Knox, still existed, and this of itself constituted an incumbrance upon Knox's title, amounting to a breach of Anderson's covenant, and justifying Knox in purchasing its extinguishment by a revocation of the limitations created by Lucy Mayhew's deed, and in procuring an appointment to himself of the fee.

2. It is well settled, by numerous authorities, that a covenant of seisin is broken as soon as made, if the covenantor had no title to the estate granted. See 2 Bacon's Abr. by Bouvier, tit. Covenant, p. 595, and cases there cited.

3. So, also, an unqualified covenant against incumbrances is broken by the existence, at the time of its execution, of an outstanding incumbrance. Ib.; Wyman v. Ballard, 12 Mass. Rep. 304; 17 ib. 220; Andrews v. McCoy, 8 Ala. Rep. 920. If, however, the covenant merely extends to quiet enjoyment against incumbrances, then it is broken only by an entry, or expulsion from the premises, or some disturbance in the possession, 2 Bacon, 595, *supra*.

4. As Knox was not bound to wait until after he was disturbed in his possession, in order to entitle him to his action for a breach either of the covenant of seizin or against incumbrances, he would be entitled, at least, to nominal damage; but if he has proceeded to purchase in the outstanding title or incumbrance, as he well may do, then he is entitled to recover the reasonable price which he has fairly and necessarily paid for the same. He can recover no more than the price paid, with interest from the time of payment, but may recover less, as the proof may satisfy the jury that the title or incumbrance was not worth the amount paid, or could have been procured for less. Harlun v. Thomas, 15 Pickering, 69; Mitchell v. Hazen, 4 Mass. 412; and cases on the brief of defendant's counsel. See also Dunn v. White & McCurdy, 1 Ala. Rep. 645.

5. But in charging the jury, that in the absence of any other evidence, of the value of the outstanding incumbrance, they might take the amount paid by the plaintiff (Knox) as evidence of such value, the Circuit Court mistook the law. It was incumbent on him to prove, in order to recover more than nominal damages, not only the amount paid, but that such payment was the reasonable value of the interest acquired. To hold that it was reasonable, from the bare fact of payment, is to assume as true the fact to be proved.

The payment was an act done, in which Knox and Whitman were alone the actors. Anderson was neither a party, nor privy to it, and, as to him, it was clearly *res inter alios acta*, and, according to the established rules of evidence, in-

admissible to fix the amount with which he should be charged, but allowable only as a fact, which, if connected with proof of its fairness, would entitle the plaintiff below to recover the sum so paid.

That Knox offered to prove the reasonableness of the payment, and was prevented by an objection interposed by the other side, which the court sustained, did not justify the jury in acting without proof, or in considering that as proof which would otherwise be incompetent. This part of the charge, therefore, was erroneous.

The views above expressed show that the court properly refused the charged prayed for by the counsel for the defendant in the court below.

Let the judgment be reversed, and cause remanded.