## PATE AD. VS. MITCHELL.

The covenant of seizin in a deed of conveyance is broken as soon as made, where the grantor, at the time of the conveyance, has no title, and the grantee may purchase in the outstanding title without waiting until disturbed in his possession; and in such case may recover of the grantor the reasonable price which he has fairly and necessarily paid for it; but in the absence of proof of the value of the title, he can only recover nominal damages, not the amount which he may have paid for it.

*Appeal from Desha Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Weatherford, for appellant.

Mr. Justice Compton delivered the opinion of the court.

Thomas H. Tindall, by deed dated 17th January, 1857, conveyed to Joab Mitchell a tract of land. The deed contained a covenant of seizin, for breach of which the action in this case was brought.

At the trial—which was before the court sitting as a jury—it appeared in evidence that, at the time the deed was executed, the title to a part of the land was not in the grantor, but was outstanding, and that the grantee afterwards bought it. The court found for the plaintiff, and assessed his damages at $2,180, being the amount, with interest, paid out by him to perfect his title, as ascertained by the court, and rendered judgment accordingly; from which the defendant appealed to this court, and insists here, that, upon the evidence in the record, the plaintiff is not entitled to more than nominal damages.

Though the covenant of seizin is broken as soon as made, where the grantor, at the time of the conveyance, has no title (*Logan vs. Moulder*, 1 *Ark.* 313); yet, it has been held, in some of the sister States, and is doubtless the law, that if the grantee has remained in undisturbed possession until it has ripened, under their limitation acts, into a valid title, nominal damages only will be allowed for such technical breach of the covenant. *Rawle on Cov.* 101, *and authorities there cited.* In this case, however, there was no such length of possession by the grantee, before he purchased the paramount title, as would have barred that title, under our limitation act, had it been asserted; consequently we need make no decision upon the point.

But, upon another ground, the plaintiff has failed to make out a case, entitling him to more than nominal damages. Although the grantee is not bound to wait until he has been disturbed in his possession, but may purchase in the outstanding title, and recover from the grantor the reasonable price which he has fairly and necessarily paid for the same, it is, nevertheless, incumbent on him to prove not only the amount paid, but that such payment was the reasonable value of the interest acquired. *Anderson vs. Knox*, 20 *Ala.* 156. He cannot recover more than the price paid, with interest from the time of payment, but may recover less, as the proof may show that the title bought in was not worth the amount paid, or could have been bought for less. *Harlan vs. Thomas,* 15 *Pick.* 69; *Mitchell vs. Hazen*, 4 *Mass.* 412. In order to recover more than nominal damages, the *onus* is on the plaintiff to show what the outstanding title was worth; and the fact that he paid a given sum for it, cannot be regarded as evidence of its value. In *Anderson vs. Knox, supra,* it was said that such payment was an act done, in which the grantee and the party holding the paramount title were alone the actors; that the grantor was neither a party, nor privy to it; and that, as to him, "it was clearly *res inter alias acta,* and according to the established rules of evidence, inadmissible to fix the amount with which he should be charged, but allowable only as a fact, which, if

connected with proof of its fairness, would entitle the (grantee) to recover the sum paid."

In the case before us, there is no evidence tending to show that the price paid by Mitchell for the outstanding title was fair and reasonable, or what the title thus acquired was worth; and for this reason the finding of the court was erroneous, and the judgment must be reversed.

Absent Mr. Justice FAIRCHILD.