GUTHRIE v. RUSSELL ET UX.

1. **Conveyance**: BREACH OF COVENANT: MEASURE OF DAMAGES. The measure of damages, in an action against the covenantor for a breach of covenant in a conveyance of real estate, by reason of an incumbrance junior to the interest conveyed, is the reasonable amount paid to remove the incumbrance.

*Appeal from Jasper District Court.*

THURSDAY, JUNE 14.

ACTION in equity to recover upon a covenant of warranty in a deed against incumbrances, and to enforce a lien for the amount recoverable. The defendant, James H. Russell, and his wife, Amelia Russell, conveyed to the plaintiff, with a covenant against incumbrance, sixty acres of land. Their title was derived through the foreclosure of a mortgage; and was not perfect in this, that at the time of the foreclosure there was a junior incumbrancer who was not made a party. After the foreclosure, and after an execution sale of the premises, and the sale and conveyance by defendants to plaintiff with warranty as aforesaid, the junior incumbrancer (holding an incumbrance by mortgage) obtained a decree of foreclosure in which it was provided that upon sale the said Guthrie should be first paid from the proceeds the sum of $712.57, the amount of the senior mortgage debt, and the further sum of $969, as the value of the improvements put upon the premises by said Guthrie, or those under whom he held, after deducting rents and profits. Of the improvements the part made by Guthrie are worth about $200. The consideration expressed in the deed from defendants to Guthrie is $1200. The junior incumbrancer did not sell upon his decree, being deterred, as the evidence tends to show, by the large amount of the senior claim. While the title was in this condition Guthrie extinguished the said junior incumbrance by conveying to the holder thereof certain property, and he now brings this suit against the defendants, his covenantors, for reimburse-

ment. The district court rendered judgment in his favor for $378. Defendants appeal.

*J. N. Lindley* and *R. A. Sankey*, for appellants.

*Ryan Bros.*, for appellee.

ADAMS, J.—In this case the deed containing the covenant sued on conveyed an interest which was paramount to the incumbrance. That interest, it appears, was of the value of $1481.57. The amount necessary to be paid by the junior incumbrancer to redeem was $1681.57, but that covered improvements made by the plaintiff. What the plaintiff bought of the defendants was worth, according to the evidence, about $200 less. The plaintiff then paid $1200 and acquired an interest paramount to all others, worth $1481.57. To extinguish an incumbrance junior to it he paid, as we will assume, $378, or gave property of that value, and he now claims to recover that amount from his covenantors.

Where real estate is conveyed with covenants of warranty, it has been held in actions for breach of covenant that the 1. CONVEYANCE: breach of covenant: measure of damages. price paid by the purchaser and received by the seller should be taken, as between them, to be the value of the property. In *Baxter v. Bradbury*, 20 Me., 230, the court said: " If the covenant of seizin is broken, as thereby the title wholly fails, the law restores to the purchaser the consideration paid, which is the agreed value of the land, and interest." In *Brandt v. Foster*, 5 Iowa, 295, it was said: " The measure of damages for breach of this covenant is the consideration money and interest, upon the ground that this is the actual loss." In Field on Damages, section 461, the author says: " In an action for the breach of the modern covenant of warranty, the general rule of damages in this country, in the absence of fraud, is the value of the land at the time of the execution of the deed, of which the actual consideration is conclusive evidence."

In the states where this rule prevails, it is held in actions for breach of covenants against incumbrances that the damages must be limited to the amount of purchase money and inter-

est, although the amount paid to remove the incumbrance might be much greater, the value of the property as between the parties being taken to be the consideration paid for it.

But, in *Knadler v. Sharp*, 36 Iowa, 232, this court ignored the doctrine that the consideration paid is to be taken as the value of the property as between the parties. In that case, the court aimed to give full compensation, thus following, to some extent, the rule adopted in Massachusetts and some other states, where the limit of recovery in an action for breach of covenant is the actual value of the property at the time of eviction, or at the time of the extinguishment of the incumbrance. Yet, we cannot think that the court designed to depart altogether from the other rule above set forth, which is in accordance with the decided weight of authority, and which was expressly held by this court, as we have seen, in *Brandt v. Foster*. We have no doubt that if, in *Knadler v. Sharp*, the incumbrance paid off had exceeded the purchase money and interest, the plaintiff would have been limited in his recovery to that amount.

Under the decisions, then, of this court, the limitation imposed upon the covenantee's recovery must be regarded as placed more upon the ground that the covenantor needs that protection than upon the ground that the consideration paid is fairly the limit of compensation.

In *Staats v. Ten Eyck's Executors*, 3 Caines, 111, Mr., Justice LIVINGSTON said: "To find a proper rule of damages in a case like this is a work of some difficulty. No one will be entirely free from objection, or will not at times work injustice. To refund the consideration, even with interest, may be a very inadequate compensation when the property is greatly enhanced in value, and when the same money might have been laid out to equal advantage elsewhere. Yet, to make this increased value the criterion, where there has been no fraud, may also be attended with injustice if not with ruin."

Proceeding then upon the rule, as indicated in *Knadler v. Sharp*, that the covenantee is entitled to full compensation, subject only to the limitation needed by the covenantor for

his just protection, we come to inquire whether it will enable· the plaintiff to recover. If the premises were of such value that he could better afford to pay the amount which he did and retain them than suffer a redemption and eviction, he was, we think, justified in doing so, and ought to be allowed to recover of the defendant notwithstanding he received and retains an interest paramount to the incumbrance of greater value than the amount which he paid for that interest. Further than that we think that law would not justify us in going. It should always appear that the amount paid by the covenantee was fairly paid, or that the incumbrance, if not removed, was one which substantially affected the value of the property. *Gant v. Tallman,* 20 N. Y., 191.

The question then arises: Were the premises of greater value than the amount which the plaintiff would have received upon redemption before eviction? The amount necessary to redeem had come to be nearly $2000. The amount paid by plaintiff to the defendant was $1200. As between the parties we think that the consideration paid should be taken to be at least *prima facie* evidence of the value. If the plaintiff claims to recover upon the ground that they were .worth, not only more than that, but more than, the amount which he would have received upon redemption, he should have shown it in evidence. We are not satisfied that the amount paid was fairly paid. If the premises were really not worth redeeming, in other words if the incumbrance paid off was really of no value, there is ground for suspecting that there was collusion between the plaintiff and incumbrancer. Pos· sibly the plaintiff would have been justified in paying something for the extinguishment of the incumbrance, even if it had no value, but in such case it would be incumbent upon him to show that the amount paid was reasonable. We cannot regard the defendants' covenant as extending further than that.

It may be said that this rule does not afford the plaintiff complete protection,—that possibly the incumbrancer was unreasonable; but it should be borne in mind that the plaintiff bought with constructive notice of the incumbrance. If

he was unaware of its existence it was his own fault. Perhaps it would be fair to presume that he bought with reference to it. At all events, it seems clear to us that while holding an interest under his deed of greater value than he paid for it, he cannot properly claim the right to pay an unreasonable amount to remove the incumbrance and to recover the amount thus paid of the defendants.

In *Knadler v. Sharp*, it seems to have been taken for granted that the amount paid was reasonable. There is, therefore, nothing in the decision in that case which necessarily conflicts with this.

REVERSED.