WILLIAM L. GILBERT *et al.* v. GORTON E. RUSHMER, *as Administrator of the Estate of H. J. Rushmer, deceased.*

DEED — *Covenant against Incumbrances, Action On—Measure of Damages—Purchase of Outstanding Title.* In an action on the covenant against incumbrances, where the plaintiff has purchased an outstanding title or incumbrance from a second mortgagee, who was not made a party in the foreclosure suit through which the former obtained his title, the measure of damage ·is not what was actually paid to extinguish the incumbrance, but what was fairly and necessarily paid.    Where the person holding such incumbrance states that the price given is the least sum that he would take for his interest, and there is no other evidence establishing the reasonableness of such interest, *held*, that the findings and judgment of the court that the price paid was fair and reasonable are not supported by the evidence.

*Error from Douglas District Court.*

ACTION by *Gorton E. Rushmer*, as administrator of the estate of H. J. Rushmer, deceased, against *William L. Gilbert* and *Henry Gay*, to recover on the covenants against incumbrances contained in a deed from defendants to deceased. Judgment for plaintiff, at the May term, 1888.    Defendants bring error.

*J. W. Green*, for plaintiffs in error:

The court erred in admitting the testimony of J. D. Bowersock, a witness called by defendant in error, to the question, "Was $700 the least sum that you would take and make a deed to this property?" It was wholly immaterial to the issue what sum Bowersock was willing to take, or whether he got the sum he asked or not. Admitting, for the sake of the argument, that Bowersock had a valid claim, the issue would be, was the price defendant in error paid to remove the alleged incumbrance a reasonable sum, not whether it was the lowest sum asked or not. The evidence adduced was immaterial, to the issue, and did not, in the least, tend to prove it.

The court erred in admitting the conversations of Wm. T. Sinclair with G. W. E. Griffith, as they were wholly incompetent and immaterial, and not binding upon the plaintiffs in error.

The court erred in its first conclusion of law, which is based upon its fourth finding of facts from the evidence.

The fourth finding of fact is as follows:

"Before said deed was delivered, and after the terms had been agreed upon, the outstanding interest or claim in Bowersock, trustee, was discovered by Rushmer; and thereupon it appears by parol proof, offered by defendants and received over the objection and exception of the plaintiff, that Rushmer asked Griffith to pay off and discharge the same, it being understood that Bowersock would release for $50; Griffith said he would do it if Rushmer would pay that much more for the property, as Gilbert & Gay were only getting out what they had in the property and reducing the interest. Rushmer then said he would take it as it was, and so accepted the deed, paying the $1,400, and having full knowledge of the outstanding claim."

This finding is defective in this, that it conveys the idea that Rushmer took the deed "having full knowledge of the outstanding claim" only. The fact is, and the court should have so found, that Rushmer took the deed agreeing to pay

as a further consideration for the premises the claim Bower-
sock made against them. This is shown by the evidence of
Griffith, and the evidence of Sinclair as to what Rushmer said
to him.

On the theory that the Bowersock claim was valid, and
that Rushmer had not agreed to pay the same as a part of
the purchase-price of the premises, and that it was a breach
of the covenant against incumbrances contained in the deed,
we have but little criticism to offer to the third and fourth
conclusions of law found by the court. In its fourth find-
ing the court says:

"The measure of damages on breach of the covenant
against incumbrances is the amount paid to discharge the
incumbrance, with interest, if fairly and reasonably paid, pro-
vided such amount does not exceed the consideration paid to
the covenantor, which is the limit of his liability."

A further rule may be here invoked, to wit: That when
the covenantee has elected to discharge the incumbrances, and
brings action for the price paid, the burden is upon the cov-
enantee to show not only that the price paid was a reasonable
one, but also that it was the amount he was legally bound to
pay, to wit, that the basis upon which he paid was the legal
basis. It does not follow that the price paid was the fair and
reasonable value of the incumbrance. The covenantee is not
entitled to the price that he has been compelled to pay, or has
seen proper to pay, but only to this amount when he has
fairly and reasonably paid it. It accordingly results that he
has the burden of showing this fact." 2 Devl. Deeds, § 919,
and cases cited; *Pate v. Mitchell*, 79 Am. Dec. 114, in point,
and note; *Hall v. Bragg*, 51 Mo. 292.

In one of the cases cited by Devlin, Chilton, J., says:

"In order to recover more than nominal damages, the
plaintiff must prove not only the amount paid, but that such
payment was the reasonable value of the interest acquired.
To hold that it was reasonable from the bare fact of pay-
ment, is to assume as true the fact to be proved."

. He cannot recover more than the price paid, with interest

from the time of payment, but may recover less, as the proof may show that the title bought in was not worth the amount paid. *Pate v. Mitchell*, 79 Am. Dec. 114; *Harlow v. Thomas*, 15 Pick. 69; *Mitchell v. Hagen*, 10 Am. Dec. 169; *Dickson v. Desire*, 23 Mo. 167; *Lawless v. Collier*, 19 id. 480.

In order to recover more than nominal damages, the *onus* is on the plaintiff to.show what the outstanding title is worth; and the fact that he paid a given sum for it cannot be regarded as evidence of its value. *Anderson v. Knox*, 20 Ala. 156; *Pate v. Mitchell*, 79 Am. Dec. 114.

What, then, was the value of the incumbrance? It was the sum which it would take to redeem these premises from the Bowersock mortgage, providing it did not exceed the consideration price. How much was this sum? That can.only be arrived at by ascertaining the value of these premises and the other lands included in the Gower mortgage, and then proportioning the amount secured *pro rata* between them. This was for defendant in error to show. The burden was upon him to prove that the amount paid by him was the fair and reasonable value. He did not do it, and we submit he was, from the evidence, only entitled to nominal damages.

Rushmer should have ascertained the amount necessary to redeem these premises from the Gower mortgage and paid that amount to Bowersock. In order to recover in this action, the burden was upon him to show that the $700 paid and asked for was the amount necessary to redeem; that it was a just and reasonable amount to pay. The burden of this issue was upon him. There was no evidence produced tending to show the amount it would have taken to redeem from the Bowersock claim. He is therefore in the condition as though he had brought suit before paying anything. He is entitled to nominal damages only.

Again, if the theory of the court shall be found to be the correct theory, the plaintiffs in error are entitled to a reversal within the rule laid down in *Guthrie v. Russell*, 46 Iowa, 269

*Riggs & Nevison,* for defendant in error:

We claim, first, that if the incumbrance be an outstanding mortgage or attachment, or execution, or, in fact, any valid lien, the purchaser need not wait for the enforcement of these liens; he may proceed at once to satisfy them, and may recover of the guarantor, on his covenant against incumbrances, all expenses incurred in extinguishing the mortgage or removing the attachment or other incumbrance, provided the amount paid to extinguish the incumbrance does not exceed the consideration money and interest. See Tied. Real Prop., p. 708, ¶ 861; *Foote v. Burnett,* 10 Ohio, 317; *Stambaugh v. Smith,* 23 Ohio St. 584; *Richards v. Bent,* 59 Ill. 38; *Easton v. Lyman,* 30 Wis. 41.

Of course, the amount which Rushmer would be authorized to pay to remove the incumbrance must be reasonable, and must be the least sum for which he could procure the removal or discharge of the incumbrance. That being the law, there was no error when the court allowed Bowersock, who was called as a witness for Rushmer on the trial, to testify that $700 was the least sum that he would take and make a deed to the property.

The next objection urged by the plaintiffs in error in their brief and argument is, that the court erred in admitting the conversations of William T. Sinclair with G. W. E. Griffith, on the grounds that they were "wholly incompetent and immaterial and not binding upon the plaintiffs in error." The reason assigned by the plaintiffs in error why those conversations should not be admitted is because Griffith was simply acting for Rushmer, and not as the agent of Gilbert & Gay. We think this is a far-fetched conclusion, and not sustained by the evidence given on the trial. The testimony of Griffith shows that he made the sale of the property in controversy to Rushmer as the agent of Gilbert & Gay. If the court was correct in its conclusion that Griffith was the agent of Gilbert & Gay, then all the objection made by the plaintiffs in error which relates to the receipt of improper evidence by the court

is not well taken, and the action of the court below should be sustained, and the findings of fact as made by the court are correct, and should not be disturbed by this court.

The court in its first conclusion of law was correct, in our opinion, in holding that parol evidence could not be allowed to contradict the plain language of the covenant in the deed, and to hold "to overthrow a solemn covenant in a deed, by proof of a cotemporaneous parol agreement that it should not take effect, would be highly dangerous, and o pposed alike to reason and authority."

2 Devlin on Deeds, §§ 914, 915; *McGowan v. Myers*, 60 Iowa, 256; *Long v. Moler*, 5 Ohio St. 271; *Harlow v. Thomas*, 15 Pick. 70; *Keith v. Day*, 16 Vt. 670; *Jacques v. Esler*, 3 Green's Chan. 463; *McLeod v. Skiles*, 81 Mo. 595; *Spurr v. Andrews*, 6 Allen, 422; *Townsend v. Wells*, 8 Mass. 146; *McKennon v. Donghman*, 1 Pa. 417; *Collinwood v. Erwin*, 3 Watt, 306; *Bacheldor v. Sturgin*, 3 Cush. 203; *Van Wagoner v. Van Nostrand*, 19 Iowa, 428; *Grice v. Schorhovan*, 42 Am. Dec. 391; *Sydam v. Jones*, 10 Wend. 185. See, also, *Sinaovich v. Wood*, 145 Mass. 180; *Howe v. Walker*, 4 Gray, 318; *Flynn v. Bourneuf*, 143 Mass. 277; 9 N. E. Rep. 650; *Rodgers v. Perrault*, 41 Kas. 385; *Raymond v. Raymond*, 10 Cush. 134; *Eastbrook v. Smith*, 6 Gray, 562; *Burke v. Hill*, 48 Ind. 52; *Memmert v. McKeen*, 4 Atl. Rep. 542; 112 Pa. St. 315; 2 Devl. Deeds, § 913; *Bennett v. Buchan*, 76 N. Y. 386; *Shanahan v. Perry*, 130 Mass. 460; *Burr v. Lamaster*, 46 N. W. Rep. 115.

In its third conclusion of law, the court finds that the amount paid by Rushmer ($700) in discharge of that incumbrance was fairly and reasonably paid, and did not exceed the consideration paid by Rushmer to Gilbert & Gay for the land. It will therefore be seen that Rushmer negotiated for some time with Bowersock to get the least possible price that he was bound to pay to remove that incumbrance; that he called on Gilbert & Gay's agent and notified them of the amount he was compelled to pay to remove the same; that Gilbert & Gay refused to pay anything for the removal

thereof; that Rushmer was compelled, in order to sell the property, to pay Bowersock the sum of $700 therefor, to remove said incumbrance, which Gilbert & Gay in their deed had covenanted against; that the court found that the same was a reasonable sum, from the evidence. We therefore think that this court must come to the conclusion that the sum was reasonable, and that the court did not err in its conclusions of law and judgment, in giving to Rushmer a judgment for said sum of $700. See 2 Dev. Deeds, § 918; 2 Suth. Dam., 313, 315; 2 Greenl., § 244; Tied. Real Prop., § 861, p. 708; *Richards v. Bent*, 59 Ill. 38; *Foote v. Barnett*, 10 Ohio, 317.

Opinion by GREEN, C.: On the 24th day of May, 1881, the plaintiffs in error in this case conveyed to H. J. Rushmer the south half of lots 3, 4, and 5, in block 6, in Lane's first addition to the city of Lawrence, in Douglas county. By the terms of the deed, the grantors covenanted that they were then the lawful owners of the premises, and that the same were free and clear of all incumbrances, and that they would warrant and defend the same in the quiet and peaceable possession of the grantee, his heirs and assigns, against all persons lawfully claiming the same. The consideration expressed in the deed was $1,150, paid by the grantee to George W. E. Griffith for the grantors. The plaintiffs in error obtained the title to the property under foreclosure proceedings. At the time they foreclosed their mortgage, and for some time prior thereto, J. H. Gower, as trustee, held a mortgage, which was subsequent to the mortgage of the plaintiffs in error, upon the conveyed premises, together with other lands, for a large sum of money. It seems that Gower was not made a party in the foreclosure suits brought by plaintiffs in error. Gower, as trustee, afterward brought an action to foreclose his mortgage, but did not make the plaintiffs in error parties in his suit. The plaintiffs in error obtained a judgment and decree of foreclosure on the 23d day of April, 1878; and Gower, as trustee, recovered a judgment and de-

cree of foreclosure on the 19th of November of the same
year.   On the 15th day of January, 1879, under an order
of sale issued in the case of the plaintiffs in error, the sheriff
sold the property to them, and the sale was afterward con-
firmed, and a sheriff's deed was executed for the premises.
On the 25th day of June following, the property was sold
by the sheriff under an order of sale issued in favor of Gower
as trustee, which sale was duly confirmed, and a deed exe-
cuted to Gower, as trustee.   The plaintiffs in error took pos-
session of the land upon the confirmation of the sale to them,
and held the same until the execution of the deed by them
to Rushmer, who took possession of the land under his deed,
and continued in possession of the same until the 17th day
of October, 1882, when he and his wife sold the premises to
Ella Henley for $2,300.   After the sale Gower died, and J.
D. Bowersock was appointed and qualified as trustee, and
Henley then discovered that Bowersock had a deed for the
same property she had purchased from Rushmer, and refused
to accept a deed and pay for the land until the title held by
Bowersock was obtained; and, in order to obtain such title,
it was necessary to pay Bowersock $700 for a quitclaim deed,
that sum being the least amount he would accept for his in-
terest.   This sum was paid by Henley to Bowersock and
deducted from the purchase-price.

  This action was brought in the district court of Douglas
county by the administrator of H. J. Rushmer against Gil-
bert & Gay, to recover the $700 which he alleges Rushmer
paid to Bowersock through Henley to make the title to the
real estate free and clear of all incumbrances, and to purchase
the title which Bowersock, as trustee, had in the land at the
time Gilbert & Gay deeded the land to Rushmer.   Certain
facts were agreed to by the parties in the trial of the case be-
low, and the court found certain other facts, and rendered
judgment in favor of the plaintiff below for the amount
claimed in the petition.   The plaintiffs in error bring the
case to this court.

It is claimed that the court below erred in admitting the evidence of J. D. Bowersock, who was called as a witness for the plaintiff and asked, "Was $700 the least sum that you would take and make a deed to this property?" It is contended that what Bowersock was willing to take was wholly immaterial; that if Bowersock had a claim, the question at issue was whether the amount paid to remove the alleged incumbrance was a fair price for the interest acquired. It seems to be conceded by counsel for the defendant in error, that the amount which the covenantee would be authorized to pay to remove the incumbrance must be reasonable, and must be the least sum for which he could procure a discharge of such incumbrance. The controlling question in this case, then, is the competency and sufficiency of Bowersock's testimony to establish the fact that the price paid by Rushmer was the fair and reasonable value of the outstanding title or incumbrance. The witness stated, in answer to the question: "The amount which I accepted was a compromise, and was the least that I was willing to take at the time, in consideration of this deed, whatever the amount was—$650 or $700. I should say it was just $700." There was no other evidence as to the value of Bowersock's interest in the property. We think the court, in its fourth conclusion of law, adopted the true rule of construction when it said:

"When the premises are of such value that the covenantee can better afford to pay the amount required to discharge the incumbrance than to suffer a redemption and eviction, he is justified in doing so, and may recover the amount so paid, not exceeding the consideration; notwithstanding he recovered and retained an interest paramount to the incumbrance of greater value than the amount which he paid for the interest. It must appear, however, that the amount was fairly paid, and that the incumbrance substantially affected the value of the property."

We are of the opinion, however, that the evidence did not establish the fact that the consideration paid was fair and reasonable. This, we think, was essential to entitle the plain-

tiff below to recover more than nominal damages. The rule
has been stated in Devlin on Deeds, § 919:

"It does not follow that the price paid was the fair and
reasonable value of the incumbrance. The covenantee is not
entitled to the price that he has been compelled to pay or has
seen proper to pay, but only to this amount when he has
fairly and reasonably paid it. It accordingly results that he
has the burden of showing this fact."

It was said, in *Anderson v. Knox*, 20 Ala. 156, that such
payment was an act done, in which the grantee and the party
holding the paramount title were alone the actors; that the
grantor was neither a party or privy to it; and that as to
him "it was clearly *res inter alias acta*, and, according to the
established rules of evidence, inadmissible to fix the amount
with which he should be charged, but allowable only as a
fact which, if connected with proof of fairness, would entitle
the grantee to recover the sum paid."

In *Pate v. Mitchell*, 23 Ark. 590, it was said:

"To recover more than nominal damages, the *onus* is on
the grantee to show what the outstanding title was worth;
the fact that he paid a certain sum for it is no evidence of its
value."

In *Guthrie v. Russell*, 46 Iowa, 269, the defendant, who
held title by foreclosure of a mortgage, conveyed to plaintiff
with covenant against incumbrance. A second mortgagee,
who had not been made a party to the foreclosure suit, as-
serted his claim and the plaintiff paid money to extinguish
it. In an action on the covenant, it was held that the measure
of damage was not what the plaintiff actually paid to extin-
guish the incumbrance, but only what he reasonably ought to
have paid.

As stated by counsel for plaintiffs in error, it appears from
the agreed statement of facts that Gilbert & Gay recovered a
judgment on the 23d day of April, 1878, for $1,175.25 and
$23.25 costs. This judgment drew 12 per cent. interest.
From the fifth finding of fact made by the court, it is estab-
lished that Rushmer negotiated the sale to Henley, who paid

41—49 KAS.

to Bowersock $700 for his claim. It would have cost the latter to redeem the land from the plaintiffs in error the sum of $1,837.37. The value of the redemption, upon the theory that Bowersock would have the right to pay off the first mortgage, would only be $462.63. We cannot say, upon this view of the case, that the amount, $700, was a reasonable price for Bowersock's interest.

It is urged by counsel for defendant in error that Griffith, who negotiated the sale of the land for Gilbert & Gay, had notice that Rushmer had to pay $700 to have his title made good, so he could effect a sale to Henley, and that he refused to do anything for himself or for the grantors in the deed to Rushmer; and it is argued from this state of facts that Gilbert & Gay's agent knew of the amount that Rushmer was required to pay to remove the incumbrance, and that they refused to pay any such sum; that an opportunity was then given them to secure the outstanding title at a lower price than the sum asked by Bowersock, and the fact that they did not do so was evidence that they did not regard the amount charged as unreasonable. The answer to this contention is, that the burden was upon the plaintiff below to show in the first instance that what he paid was a fair and reasonable value of the incumbrance purchased. To hold the vendors upon the theory of counsel, notice should have been given to them to pay off the outstanding claim against the conveyed premises within a specified time; otherwise the purchaser would purchase same. This was not done. The evidence does not establish the fact that Griffith was the agent of the plaintiffs in error at the time Henley purchased the property. He testified that he was the agent of Gilbert & Gay to deliver the deed to Rushmer and get the money for them, and that was all the authority he had in this particular case.

We think the court erred in the admission of the evidence of Bowersock, as to what he received for his interest in the property covered by the deed from Gilbert & Gay to Rushmer, for the reason that such evidence was not supplemented with other testimony that such sum was a fair and reasonable

value of his claim upon the conveyed premises, and that the findings and judgment of the court that such sum was fairly and reasonably paid are not supported by the evidence.

It is recommended that the judgment of the court be reversed, and a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.