[No. 4998. Decided July 26, 1904.]

E. J. CASETY, *Respondent,* v. ARTHUR C. JAMISON, *Appellant.*[1]

JUDGMENT—TRANSCRIPT FROM FOREIGN STATE—CERTIFICATE—REFERENCE TO SUMMONS—SHERIFF'S RETURN OF SERVICE PART OF SUMMONS. A transcript of a foreign judgment, in which the certificate of the clerk specifically refers to each of the papers attached, including the summons, but without mention of the sheriff's return of service, is not insufficient as failing to show the service, since the sheriff's return is part of the summons and is ·sufficiently described by the reference thereto.

TRIAL—VERDICT—FAILURE TO ASSESS AMOUNT—NO DISPUTED ·QUESTION OF FACT. Where a verdict is returned without assessment of the amount of the recovery, but there was no disputed ·question of fact and the amount is known, the irregularity does not require a reversal, since the court could either direct a ver·dict or discharge the jury and enter the judgment.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered February 23, 1903, upon the verdict of a jury rendered in favor of the plaintiff. Affirmed.

*Hamblen & Lund,* for appellant.

*Ellis G. Soule,* for respondent.

FULLERTON, C. J.—The respondent brought this action upon a personal judgment recovered by him against the

[1]Reported in 77 Pac. 800.

appellant in the municipal court of the city of Duluth, in the state of Minnesota. The appellant filed an answer putting in issue the existence of the judgment, and a trial was had, resulting in a judgment for the respondent for the full amount demanded.

The only question raised at the trial by the appellant was the sufficiency of the certificate to the transcript of the record of the Minnesota court by which it was sought to establish the existence of the judgment. The transcript consisted of a copy of the complaint, the summons and sheriff's return thereon showing personal service on the defendant, a notice of the withdrawal of certain attorneys who had purported to appear for the respondent, and the entry of final judgment. The clerk's certificate thereto recited that he had "carefully compared the foregoing papers writing with the original complaint, summons, notice and judgment in the action therein entitled, now remaining of record in my office, and that the same is a true and correct copy and transcript of said original papers and the whole thereof." It is insisted that this certificate is insufficient to permit the introduction of the sheriff's return on the summons because it makes no mention of such return; the contention being that it was necessary, in order to show jurisdiction in the Minnesota court to enter a personal judgment against the appellant, to show personal service on him within the jurisdiction of that court. Inasmuch as the judgment, which is conceded to be properly certified, recites that personal service of summons was made upon the appellant, we think it may fairly be questioned whether the return of the sheriff on the summons is material. *Ritchie v. Carpenter,* 2 Wash. 512, 521, 28 Pac. 380, 26 Am. St. 877. But conceding the rule to be otherwise, we think the certificate sufficient. At common law, and under the

statute of this state—and we must presume the law of Minnesota to be the same—an officer's return of a summons is a certificate of the officer, indorsed upon or attached to the summons, reciting what he has done by virtue of its commands. When so indorsed upon, or attached thereto, the return becomes a part of the summons, and a copy of the summons, in order to be a true copy, must contain a copy of such return. The return being a part of the summons, it is, of course, sufficiently described by the word "summons."

The trial was had before a jury, which returned a verdict in favor of the respondent, but did not assess the amount of the recovery therein. The verdict was insufficient under section 5023 of the code, and, were there a conflict in the evidence as to the amount the respondent was entitled to recover, this irregularity would require a reversal of the judgment. But there was no disputed question of fact in the case, and there was nothing to submit to the jury for their determination. Under our practice the court was authorized, at the conclusion of the evidence, to either direct a verdict for the full amount sued for, or discharge the jury and enter a judgment for such amount. Its rights in these respects were not changed because the jury returned an irregular and insufficient verdict. It still had the power to direct the entry of such a judgment as the justice and law of the case required, and, as it did no more than this, the judgment ought not to be disturbed by this court.

The judgment appealed from is affirmed.

MOUNT, HADLEY, ANDERS, and DUNBAR, JJ., concur.