### HELM v. GRIFFITH.   (6. Div. 362.)

(Court of Appeals of Alabama.   Feb. 10, 1920. Rehearing Denied April 13, 1920.   Final Order, April 12, 1921.)

**1. Municipal corporations ⬅︎980(3) — Greater strictness of description required in tax sales than in voluntary deeds.**

Greater strictness is required in the description of land in tax sales than in voluntary deeds.

**2. Municipal corporations ⬅︎980(3)—Description in tax sale not stating city or town held insufficient.**

A description in a tax sale designating the property as a lot on the corner of certain streets in a designated survey, without showing in what city, county, or state the property is located, is insufficient, since the court cannot take judicial notice of the location of the survey.

**3. Covenants ⬅︎127(4)—Only reasonable value of outstanding interest can be recovered.**

In an action for breach of covenant against incumbrances, where plaintiff had purchased the outstanding incumbrance, he is entitled to recover only the reasonable value of the outstanding interest, though he may have paid more for it, so that a requested charge that no more than nominal damages could be recovered, should have been given if there was no evidence as to the value of the interest except the amount paid for it.

**4. Appeal and error ⬅︎1176(1) — Judgment notwithstanding verdict held properly directed on reversal.**

In an action for breach of warranty of title, where defendant was entitled to the general affirmative charge because the chancery proceedings for the sale of the property were void and did not pass the lien for the taxes to the purchaser, it was error to deny defendant's motion for judgment notwithstanding the verdict, made in the presence of the jury and before it was discharged, and before any judgment was rendered on the verdict, and on reversal of the judgment for plaintiff rendered on the verdict, the trial court will be directed to grant the motion for judgment notwithstanding the verdict.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Suit by Dee Griffith against J. B. Helm. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Certiorari denied, Ex parte Griffith, 209 Ala. 158, 95 South. 551.

Reversed and remanded on authority of Ex parte Helm, 209 Ala. 1, 95 South. 546.

Horace C. Wilkinson, of Birmingham, for appellant.

Brief did not reach the Reporter.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Brief did not reach the Reporter.

PER CURIAM. The former opinion in this case, resulting in an affirmance, and decided by this court on June 10, 1919 (17 Ala. App. 122, 82 South. 570), is withdrawn.

BRICKEN, P. J.   Section 1312 of the Code of 1917, in reference to municipal taxes, provides:

"*After assessment* taxes shall become due on the 1st day of December, and *delinquent* on the 1st day of January following, and shall, after becoming delinquent, bear the legal rate of interest." (Italics ours.)

It is to be noted in passing that an assessment is a condition precedent to the taxes becoming due or delinquent.

By statute, the chancery court is given jurisdiction to sell property on which the taxes have become delinquent, and in this respect section 1319 of the Code provides as follows:

"*Within three months after taxes shall have become delinquent, a list shall be made out and certified by the city or town clerk,* describing each piece of property separately, with the name of the owner, if known, and *the amount of taxes due on such property,* and the amount of taxes due by such owner upon personal property, which also may be collected by a sale of the realty as for taxes due thereon."

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

19 ALA.APP.—1

The following section (1320) provides for the filing of these lists with the register in chancery, the issuance of a summons, or for publication in cases of owner unknown, and section 1322 authorizes a decree, without further proof, if no pleading setting up a defense is filed, adjudging the property liable for taxes and directing a sale of the same for their payment, and the costs and penalties and interest that has accrued.

From this résumé of the statutes, it is obvious that in order for jurisdiction of the chancery court to attach, it is necessary that it should appear: (1) That an assessment against the property was made; (2) that the taxes assessed were "delinquent" as that term is defined by statute at the time the jurisdiction of the court is invoked; (3) that a list (a) certified by the city clerk, (b) containing a description of the property, (c) and the amount of taxes due thereon, was filed (d) within three months after the taxes became delinquent (e) with the register in chancery. Until this is done, by the plain letter of the statute, the chancery court has no jurisdiction, because, says the law, in that kind of a case, and only in that kind of a case, is the chancery court vested with the authority to sell property for delinquent municipal taxes. This is but a reiteration of the well-known rule that—

"In the sale of lands for taxes, great strictness is required, and every provision of the statute must be punctiliously pursued." Pollak v. Milam, 190 Ala. 569, 67 South. 381.

In the former opinion in this case, we said:

"In cases of this sort it is true that the chancery court is exercising a limited and special jurisdiction, and its decrees in such cases stand on the same footing as those of courts of limited and inferior jurisdiction. It does not follow, however, that the decrees of such courts shall set out all the evidence which induced the court to render the judgment or decree which it did render; nor is it necessary for such judgments or decrees to recite in terms that the court was satisfied by the evidence of all facts averred which were necessary to support the decree"—citing Ex parte Price, 192 Ala. 158, 68 South. 866.

This ruling of our Supreme Court is in no wise in conflict with that other universally recognized rule that in tax cases where the court's authority is purely statutory, all jurisdictional facts in the proceedings must be affirmatively shown by the record. Lodge v. Wilkerson, 174 Ala. 133, 56 South. 984; Pollak v. Milam, supra.

A certified copy of the delinquent tax sale, comprising the affidavit as to "owner unknown," the "order of publication owner unknown," the "certificate of publication as to unknown owner," "the decree of sale on publication," "the notice of delinquent tax sale," and the "certificate of register's sale," were all introduced in evidence over appropriate objection by appellant, and each of these has been examined with care, and in no place are we able to find any evidence that an assessment had been made against this property for taxes for the year 1909, either by the town of Woodlawn, or its successor, the city of Birmingham; the entire record being absolutely silent as to whether either of the municipalities ever levied an assessment against this property for the year 1909. This being a jurisdictional fact in the proceedings which must affirmatively appear of record, we hold that the record of the delinquent tax sale fails to show that the chancery court ever had jurisdiction to sell this piece of property, and that its proceedings as disclosed by this record are null and void. Lodge v. Wilkerson, supra; Pollak v. Milam, supra.

Section 1326 of the Code provides in substance that if, for any reason, the proceedings in the chancery court shall not be sufficient to pass the title, the lien of the city for taxes or assessments shall pass to the purchaser and may be enforced by him in a court of equity, etc., and the case is now before us, accompanied by an opinion of the Supreme Court which seems to assume that the city of Birmingham had a lien on the land described in the tax proceedings for the year 1909; but by section 1314 of the Code of 1907 it is provided that—

"Cities and towns shall have a lien for taxes upon all property *assessed for taxation*, which shall be superior to all other liens, except for taxes held by the state and county." (Italics ours.)

In the case of Town of Albertville v. Hooper, 196 Ala. 642, 72 South. 258, our Supreme Court made some very pertinent remarks concerning the nature of and necessity for an assessment. So that it is clear that before the lien of the city can pass to the purchaser under section 1328 of the Code, it must appear that the city had a lien thereon, i. e. that the property had been assessed for taxation; otherwise, the city would have no lien that could pass under this section. We have referred to the fact that the record in this case fails to show that an assessment had ever been made or levied against this property.

The position we have taken above seems to be strengthened in this particular case by reason of the fact that it is shown by the record that this property, during the entire year 1909, was situate in the town of Woodlawn. In our former opinion, we held that the city of Birmingham had the right to enforce, in its own name, all liens which the town of Woodlawn could have enforced; but for the merger of the two municipalities, this property not being within the corporate limits of the city of Birmingham during the year 1909, we cannot assume that taxes were assessed against it by that city for that year,

and it would be doing violence to the well-settled rules governing such cases for us to presume that the town of Woodlawn levied an assessment against this property for taxes for the year 1909, and that after its merger with the city of Birmingham, that city undertook to enforce in its own name the lien formerly had by the town of Woodlawn. If these be facts, the record should at least be complete and full enough to allow this to be reasonably inferred. Such is not the case.

Appellant makes the further point that the proceedings in chancery court were void because the description of the property was void for uncertainty. The property is thus described in the decree:

"Lot corner St. Clair street, Washington avenue, fronting 95 feet on St. Clair street and 101 feet on Washington avenue, being 65 feet on the west side and 100 feet on the north side in G. B. Stephens' survey."

[1] Greater strictness is required in the description of land in tax sales than in voluntary deeds. Lodge v. Wilkerson, supra; Jarrell v. McRainey, 65 Fla. 141, 61 South. 240.

[2] And it has been held that the failure of the proceedings to show what city, county, or state the property is located in is fatal and renders the proceedings null and void. Campbell v. Packard, 61 Wis. 88, 20 N. W. 672; Jarrell v. McRainey, supra; Sherlock v. Varn, 64 Fla. 447, 59 South. 953; Buckner v. Sugg et al., 79 Ark. 442, 96 S. W. 184; People v. Mahoney, 55 Cal. 286; Grand Forks County v. Frederick, 16 N. D. 118, 112 N. W. 839, 125 Am. St. Rep. 621; Goodwin v. Foreman, 114 Ala. 489, 21 South. 946; Jones v. Pelham, 84 Ala. 208, 4 South. 22. We do not judicially know where G. B. Stephens' survey is, and for aught appearing, it may as well be in one county as another. The description of the property in the decree is void for uncertainty.

The last question presented brings up for consideration the measure of damages. The appellant requested the court to charge in writing that no more than nominal damages could be recovered, on the theory that there was no evidence that the amount paid for the outstanding incumbrance alleged to have been held by the Birmingham Loan & Discount Company was reasonable. The court refused to so instruct the jury, but in his oral charge said:

"The measure of damages in this case is the expense to which the defendant was necessarily put in order to relieve this property of the incumbrance, if you find there was such, which was upon it at the time of the making of this deed from the defendant to the plaintiff; in other words, the amount which was necessary for him to pay, to try to make his damage just as little as possible, but what it was absolutely necessary for him to pay to relieve this property from the lien or incumbrance which was upon it at the time of making the deed; that is the measure of damages."

Over objection and exception by the appellant, the appellee was permitted to testify that he paid the Birmingham Loan & Discount Company $100 for a quitclaim deed to the property, and that "that is the amount they told me I would have to pay to get my property back." There is no evidence in the record, other than the bare fact of the payment, of the value of the interest acquired from the loan and discount company for this sum of $100.

[3] In Anderson v. Knox, 20 Ala. 156, in reference to the measure of damages in this kind of a case, it was said:

"It was incumbent on him to prove, in order to recover more than nominal damages, not only the amount paid, but that such payment was the reasonable value of the interest acquired. *To hold that it was reasonable, from the bare fact of payment, is to assume as true the fact to be proved.*" (Italics ours.)

This case has been frequently followed in this and other states, and the rule therein laid down is manifestly sound. For instance, in Gilbert v. Rushmer, 49 Kan. 632, 640, 31 Pac. 123—the action was, as here, for breach of covenant. The holder of the incumbrance, one Bowersock, was allowed to testify on behalf of the plaintiff that $700 was the least sum that he would take for his claim as an incumbrance on the title which had been purchased by plaintiff. In speaking of this ruling and the measure of damages in such cases, the court said:

"The witness stated, in answer to the question: 'The amount which I accepted was a compromise, and was the least that I was willing to take at the time, in consideration of this deed, whatever the amount was—$650 or $700. * * *' *There was no other evidence as to the value of Bowersock's interest in the property.* We think the court, in its fourth conclusion of law, adopted the true rule of construction when it said: 'When the premises are of such value that the covenantee can better afford to pay the amount required to discharge the incumbrance than to suffer a redemption and eviction, he is justified in doing so, and may recover the amount so paid, not exceeding the consideration, notwithstanding he recovered and retained an interest paramount to the incumbrance of greater value than the amount which he paid for the interest. *It must appear, however, that the amount was fairly paid, and that the incumbrance substantially affected the value of the property.*' We are of the opinion, however, that *the evidence did not* establish the fact *that the consideration paid was fair and* reasonable. This, we think, was essential to entitle the plaintiff below to recover more than nominal damages." (Italics ours.)

The court then enters upon a review of Anderson v. Knox, supra, and many other

cases, and on page 642 of 49 Kan., on page 125 of 31 Pac., says in conclusion:

"We think the court erred in the admission of the evidence of Bowersock, 'as to what he received for his interest in the property covered by the deed * * * for the reason that such evidence was not supplemented with other testimony that such sum was a fair and reasonable value of his claim upon the conveyed premises, and that the findings and judgment of the court that such sum was fairly and reasonably paid are not supported by the evidence."

The rule laid down in Anderson v. Knox, supra, has not only been followed in this state, but also in many other states of the Union. Holley v. Younge, 27 Ala. 206; Pate v. McMitchell, 23 Ark. 590, 79 Am. Dec. 114; Walker, Adm'r, v. Deaver, 5 Mo. App. 139, 149; Dickson v. Desire's Adm'r, 23 Mo. 167, 66 Am. Dec. 661;' Guthrie v. Russell, 46 Iowa, 269, 26 Am. St. Rep. 135; Devlin on Deeds, §§ 918, 919; Sedgwick on Damages, § 980. Charge 13, requested by defendant, should therefore have been given, and its refusal was reversible error.

[4] The bill of exceptions (page 34) informs us that upon the verdict in favor of plaintiff being returned to the court in this case, "the defendant in' open court, and in the presence of the jury, and before the jury was discharged, and before any judgment was rendered upon said verdict, moved the court to render a judgment for the defendant .non obstante veredicto." This motion was overruled and exception taken, and is now before us for review. The proceedings in the chancery court being utterly void, and not being sufficient to pass the lien of the city to the purchaser, for the reason that no assessment being shown, no lien in the city's favor ever came into existence, the general charge requested by appellant should have been given; and the defendant being entitled to judgment in his favor, it was error not to have granted his motion for such judgment non obstante veredicto. Barton v. Gas Engine Co., 154 Ala. 275, 45 South. 213; Goehrig v. Stryker (C. C.) 174 Fed. 897; Holland v. Kindregan, 155 Pa. 156, 25 Atl. 1077; Glennon v. Erie R. Co., 86 App. Div. 397, 83 N. Y. Supp. 875; Hay v. City of Baraboo, 127 Wis. 1, 105 N. W. 654, 3 L. R. A. (N. S.) 84, 115 Am. St. Rep. 977; Larson v. American Bridge Co., 40 Wash. 224, 82 Pac. 294, 111 Am. St. Rep. 904; Casety's Case, 35 Wash. 478, 77 Pac. 800; Fisher v. Scharadin, 186 Pa. 565, 40 Atl. 1091.

The judgment appealed from will be reversed, with instructions to the trial court to grant the motion made by the defendant for a judgment non obstante veredicto, as in this way only can the defendant obtain what he was lawfully entitled to at the time this motion was made.

Reversed and remanded, with instructions.