# Russell, *et al. v.* Bell.

*Bill to Cancel Trust Deed, and for a Sale for a Division.*

(Decided April 22, 1909.   49 South. 314.)

1. *Tenancy in Common; Tax Sale; Redemption; Effect.*—A husband and wife own an undivided half interest in land which subsequent to the death of the wife was sold for taxes, and thereafter the husband's interest was sold at execution sale and bought by the purchaser at the tax sale.   An heir of the wife redeemed her undivided half interest from the tax sale.   Held, that his redemption, although valid as far as it went, restored only the prior status quo, and if the purchaser or those claiming under him had an interest or title other than that redeemed, such title remained unaffected. The redeeming heir became a trustee of the title and interest redeemed from the tax sale for the equal benefit of all the heirs, and the right of the other heirs to participate in the benefit of the redemption is not affected by the fact that their right of redemption originally had been lost by limitation.

2. *Partition; Parties; Indispensable Parties.*—Where one of several heirs redeemed an undivided half interest in lands from a tax sale, such one cannot sue the owner of the other undivided half interest for partition, and for an accounting, without making his coheirs parties.

3. *Same; Defects; Non-Joinder of Parties.*—The Chancellor may of his own motion, even on final hearing, notice a defect of omission of necessary parties and order the bill to stand over for amendment or dismiss it without prejudice.

4. *Appeal and Error; Defect of Parties; Necessity of Objection.*—The failure to make indispensable parties parties to an appeal may be noticed on appeal without further suggestion.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by E. R. Bell, pro ami, against W. W. Russell and others to cancel a trust deed and for a sale of lands for division and for an accounting of rents.   From a decree for complainant, defendants appeal.   Reversed and remanded.

HOWARD & HUNT, for appellant.—The chancellor erred in holding that Bell could redeem a one half undivided interest in the property.—27 A. & E. Ency of

Law, 853; 67 Miss. 617; 34 Ia. 341; 35 Ia. 59; 47 Cal.
147. Even if Bell could redeem, the undivided one half
interest he did not become the owner in fee of the same,
since his redemption inured to the benefit of his co-ten-
ants, and established the original status quo.—Black on
Tax Titles, sec. 377; *Scott v. Brown*, 106 Ala. 604; *Don-
ner v. Quartermas*, 90 Ala. 164; *Johns v. Johns*, 93 Ala.
239.

ISBELL & PRESLEY, for appellee.—Bell could not re-
deem any less estate than the entire property sold.—
*McQueen v. Whetstone*, 127 Ala. 228; s. c. 137 Ala. 201;
*Rainey v. Whetstone*, 121 Ala. 191; *Lehman, Durr &
Co. v. Moore*, 93 Ala. 187; *Harden v. Collins*, 138 Ala.
399. On the authority of these cases, the chancellor
did not err in holding that the appellee acquired the
undivded one half interest in the land belonging to his
mother, or did the court err in allowing the complainant
rents.

SAYRE, J.—In the appellee's bill it was alleged:
That he was the heir at law of Mrs. C. C. Bell, who had
died seized and possessed of an undivided half interest in
certain lots in the city of Ft. Payne; that subsequent to
the death of Mrs. Bell the lots had been sold by the city
for the payment of delinquent taxes, and had been pur-
chased at the tax sale by a party from whom the defend-
ant Russell derived his title; that complainant, "who
was the only heir entitled to redeem," had redeemed
shortly before bill filed; and that defendants Davis and
the Davenport brothers claimed an interest in the prop-
erty under a deed of trust made by defendant Russell to
Davis as trustee to secure the payment of a debt due to
them. The prayer of the bill was that the deed of trust
might be canceled as a cloud upon complainant's title,

and, as against the defendant Russell, that the lots be sold for division, and that an accounting be had of rents. The defendants joined in an answer which admitted the allegations of the bill, except that it denied the quantum of complainant's alleged interest. There was a submission for decree on bill, answer, and agreed statement of fact. Decree followed ordering a sale and a reference to the register to state an account of rent, etc. The agreement as to facts disclosed that, in addition to the matters and things alleged in the bill, and still others not requiring mention in this connection, C. M. Bell and Mrs. Bell, father and mother of the complainant, had each owned an undivided half interest in the lots, and that after the tax sale the undivided half interest of C. M. Bell had been sold under execution issued out of the circuit court of De Kalb; the interest so disposed of passing to the defendant Russell as had the tax title. Later C. M. Bell died. Complainant had redeemed from the city of Ft. Payne; no effort being made to redeem the interest passed by the execution sale. It further appeared that C. M. and Mrs. Bell left surviving them the complainant and three others, children and heirs at law, all living at the time the bill was filed.

The appellants are in no position to complain of the regularity or validity of the redemption, nor did the appellee complain. That redemption therefore, as far as it went, may be treated as having been legally effected. The complainant's redemption from the tax sale by the city of Ft. Payne created no new title in him. It restored the status quo ante only, so that if the purchaser, or those claiming under him, had an interest or title other than that redeemed, it remained unaffected.— Black, Tax Titles, § 377. But the complainant became a trustee of the title and interest redeemed for the equal benefit of his co-tenants. He could not redeem the whole

or any part of the common estate without admitting his
co-tenants to share in the benefits of the redemption.—
*Johns v. Johns,* 93 Ala. 239, 9 South. 419; *Donnor v.
Quartermas,* 90 Ala. 164, 8 South. 715, 24 Am. St. Rep.
778; *Scott v. Brown,* 106 Ala. 604, 17 South. 731. The
right of all co-tenants to participate in the benefits of
redemption by one is not affected by the fact—such fact
appeared in the agreed statement of facts in this cause
—that all save the redeeming co-tenant have lost the
right to redeem by the running of time to a bar. The bar
is for the benefit of the purchaser. It affects rights only
as between purchaser and redemptioner. The bill in this
cause, though filed against the purchaser, seeks no relief
by way of redemption, but, conceding his right to a
moiety of the estate, seeks a sale for division and an ac-
counting of rents as one cotenant against another.

The bill went upon the idea that complainant was the
owner of one moiety of estate in the property, defendant
Russell the owner of the other. Such also was the de-
cree. As we have seen, this theory and conclusion were
erroneous. The other heirs at law of the original owners
are co-tenants with the complainant in the estate redeem-
ed. To a suit for partition and an accounting they are
indispensable parties.—*Ferris v. Montgomery Land Co.,*
94 Ala. 557, 10 South. 607, 33 Am. St. Rep. 146. In this
cause there could have been no proper or conclusive di-
vision or accounting without the actual or constructive
presence of the complainant's equitable co-tenants either
as parties complainant or defendant. Nor was it indis-
pensable to the action of the court in this regard that the
objection should be taken by the defendant. In order
that complete justice might be done, future litigation
avoided, and the performance of the decree made safe for
the parties, it was allowable for the chancellor to notice
it ex mero, even at the hearing, and order the bill to stand

over on leave to amend, or to dismiss it without preju-dice.—*Goodman v. Benham,* 16 Ala. 625; *Prout v. Hoge,* 57 Ala. 28; *Dooley v. Villalonga,* 61 Ala. 129. And the defect will be noticed here without suggestion. Id.

There was no decree for or against the defendant mort-gagees. Nevertheless there is a joint assignment of error in the name of all the appellants.—*Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241. Since this case is to be re-versed on the grounds already indicated, we call atten-tion to this condition of the record without more.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.