# Russell, et al. v. Bell, et al.

### Bill for Partition.

(Decided Dec. 1, 1910.   53 South. 997.)

1. *Tenancy in Common; Redemption From Tax Sale; Effect.*—Where one tenant in common redeems from tax sale, the redemption is of the entire interest and enures to the benefit of all the tenants although the right to redeem is barred as to some of the tenants; each tenant holds the interest originally had subject to the right of the redeeming tenant to re-imbursement.

2. *Same; Limitations.*—The statute limiting the time in which redemption from tax sale may be made has no application to a suit to determine the rights of the tenant in common to land sold for taxes, and redeemed by one of the co-tenants.

APPEAL from DeKalb Chancery Court.
Heard before Hon. W. H. SIMPSON.

Bill by E. R. Bell by next friend and others against W. W. Russell and others for partition. Decree for complainants and respondents appeal. Affirmed.

HOWARD & HUNT, for appellant. The statute of limitations will run against one tenant in common in favor of his co-tenant.—*Brady v. Huff*, 75 Ala. 80. The operation of the statute is not suspended because of infancy, notwithstanding the three years additional allowed.—

*Riggs v. Fuller,* 54 Ala. 141; *Tayloe v. Duggar,* 65 Ala. 144. Tenants in common may sue separately or generally.—*Patton v. Crowe,* 26 Ala. 426; *Hinds v. Troutman,* 27 Ala. 359. In view of these principles it seems clear that the statute ran against all the complainants except Bell.—Angel on Lim., Sec. 484.

JOHN B. ISBELL, for appellee. The redemption of the property placed all parties in the same position just as if no tax sale had been had.—Black on Tax Titles, p. 337 and 469. Bell could not redeem any less than the entire property sold.—*McQueen v. Whetstone,* 127 Ala. 428; *Rainey v. Whetstone,* 121 Ala. 191; *Whetstone v. McQueen,* 137 Ala. 301; *Harden v. Collins,* 138 Ala. 399; *Lehman-Durr Co. v. Moore,* 93 Ala. 187. The redeeming tenant must redeem the entire tract and this is true although at that time some of the joint owners or tenants in common were barred of their right of redemption.—*Whetstone v. McQueen, supra; Russell v. Bell,* 49 So. 314. Having redeemed it all, the redemption enured to the benefit of all the other co-tenants subject to the right of the redeeming co-tenant to be re-imbursed.—Authorities supra.

SIMPSON, J.—This is a bill filed by the appellee for sale of lands for partition and for reimbursement to one tenant in common for amount paid to redeem the land from tax sale, etc. The case was before this court at a previous term, upon which appeal it was held that where one tenant in common redeems, although the right of redemption was barred as to the other tenant in common, the redemption is necessarily of the entire interest of all of the tenants in common. The contention of the appellants is that the decision in the case of *Russell et al. v. Bell,* 160 Ala. 480, 49 South. 314, should be overruled.

We hold that the law as announced in that case is correct. It necessarily results, from the very meaning, object, and purpose of a redemption, that it does not confer any new title, but merely removes the tentative title held by the purchaser at tax sale; and, as the statute has not made any provision for a partial redemption, it must be of the entire interest in the land sold at tax sale, and, that being the case, the land stands just as though no tax sale had been made. The redemption of the entire tract by one tenant in common being for the benefit of all, each tenant holds the same interest in the land which he originally had, subject to the right of the redeeming tenant to reimbursement.—*Russell et al. v. Bell, supra,* and cases cited.

The statute of limitations as to the right of redemption has no application to this proceeding. No right of redemption is sought, but the land has already been redeemed.

The decree of the court is affirmed.

Arffimed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.