# Bains Bros. Inv. Co. *v.* Purdie.

### *Bill to Redeem from Tax Sale.*

(Decided December 21, 1912.   60 South. 920.)

1. *Tax Sale; Redemption; Municipal Corporation; Jurisdiction.*—The provisions of sections 1328, 1329, Code 1907, do not furnish a complete and adequate remedy to a redemptioner who chooses to pay the redemption money directly to the purchaser, in case the purchaser refuses to receive it, and hence equity will intervene and adjudicate their claims and rights and either effectuate redemption or foreclose the attempted redemption.

2. *Same.*—Under section 1328, Code 1907, a bill to redeem is without equity unless there has been a tender of the purchase price with interest and the reconveyance fee; but the taxes and assessment paid or for which the purchaser has become liable being uncertain, a previous tender or payment of the latter is not jurisdictional, where the bill alleges complainant's ignorance of such charges and their amount and offers to pay such sum as may be necessary or found to be due.

3. *Same; Course.*—Under section 1328, Code 1907, if a tender has been justly refused because it did not include the amount of such

taxes and assessment, and in refusing it the purchaser correctly specifies the amount due by reason thereof, the costs of an action to redeem should be assessed against the redemptioner.

4. *Same.*—In a suit to redeem from a municipal tax sale the amount involved is immaterial as the relief sought and the subject matter of the suit determine the jurisdiction of equity.

5. *Same; Liability of Owner.*—Taxes are assessable on October first of each year and the owner of property at that date is personally liable for the taxes assessed for that year; however, a subsequent grantee is not liable unless he voluntarily assesses the property to himself.

6. *Same; Amount Required.*—Where the property was purchased at a tax sale in December, 1909, and the purchaser had not, at the date of the payment by the party wishing to redeem, had the property assessed to himself, the payment of the taxes for the year 1909-10, was not a condition to the right to redeem, hence at that time the purchaser was not liable therefor and could not thereafter impose any additional burden upon the right of redemption.

7. *Same.*—Under section 1328, Code 1907, the repayment of the fee for recording the tax deed is not a condition to a redemption.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by T. B. Purdie against Bains Brothers Investment Company for the redemption of certain lands from a municipal tax sale. From a decree for complainant respondent appeals. Affirmed.

Z. T. RUDOLPH, for appellant. The complainant had a plain and adequate remedy under sections 1328 and 1329, Code 1907. The tender should have been made for taxes and assessment for the year 1909-10.—Section 2093, Code 1907; *Frost v. State,* 153 Ala. 657. The tender should have been made for not only the cost of the sale and the taxes, but the interest, the $2.00 for executing deed, the recording fee, and other items.— *Kramer v. Watson,* 73 Ala. 127; *Burch v. Brown,* 133 Ala. 393. The burden of proof was on the complainant.—*Butler v. Hanna,* 103 Ala. 481; *Ebersole v. Addington,* 156 Ala. 575.

[Bains Bros. Inv. Co. v. Purdie.]

GREGG & BURROW, for appellee. The chancellor was correct in his findings and his decree should be affirmed.—*Perry Co. v. Railroad Co.*, 58 Ala. 546; *Osborn v. Waddell*, 57 South. 698.

SOMERVILLE, J.—The appellee, Purdie, filed his bill of complaint showing the following facts: Complainant was the owner of a lot in North Birmingham which was sold for city taxes under a decree of the chancery court on December 24, 1909; the respondent company becoming the purchaser for $14.91. On March 18, 1910, complainant tendered to respondent the sum of $17.47 for the redemption of the lot, which sum included, as is alleged, the purchase price, 15 per cent. interest thereon to the date of the tender, and the reconveyance fee. This tender was refused by respondent on the ground of its insufficiency, in that a year's interest was not included, and that $2.50 was not allowed for the reconveyance deed. At the same time complainant tendered to respondent a prepared quitclaim deed to be executed by it to him for such reconveyance, which respondent declined to do. The amount of the tender was paid into court for respondent with the filing of the bill of complaint. The prayer of the bill is that the tender be declared sufficient in amount, that all title and interest of respondent in the lot be canceled and held void, and that the legal and equitable title therein be vested in complainant. Respondent demurred to the bill on the grounds: (1) That the statutes (sections 1328, 1329) furnish an adequate remedy at law for the relief sought; (2) that the bill fails to show that the alleged tender included the amount of taxes due on the lot for the year 1910.; and (3) that, the amount involved being under $50, the chancery court was without jurisdiction.

In *Osborne v. Waddell*, 176 Ala. 232, 57 South. 698, we held that the method of redemption from state and county tax sales, as prescribed by sections 2313 and 2314 of the Code, is adequate and exclusive, and that chancery will not entertain a bill for redemption merely. This, however, is a sale by chancery decree, under the new Code provisions, for municipal taxes, and the provisions for redemption therefrom are found in sections 1328 and 1329 of the Code. Under these provisions the redemptor may make the required payment to either the purchaser or the city treasurer, and the effect of the payment—not of an unaccepted tender—is to render void the register's deed to the purchaser. By necessary implication, the redemptor is entitled to a reconveyance from the purchaser, and, upon his or his vendee's refusal to reconvey, the redemptor may apply to the city council, and the council may authorize a suitable deed to be made to him; "but the interest of the owner of the property and the parties in interest redeeming shall be adjusted between the parties as are other legal and equitable interests."

It is clear that these statutes do not furnish a complete and adequate remedy to a redemptor who chooses to pay the redemption money directly to the purchaser, in the event of his refusal to accept it. And in case of such refusal, thereby leaving the purchase deed in full force and effect, or where there is a dispute between the parties as to their respective rights in the matter, equity will intervene and, adjudicating their claims and rights, either effectuate or foreclose the attempted redemption.

With respect to the tender, it should include those items which are fixed and certain, viz., the purchase price, with 15 per cent. interest to date, and the reconveyance fee. If such a tender has not been made, or

[Bains Bros. Inv. Co. v. Purdie.]

is not kept good by payment into court, the redemp-
tor's bill is without equity; for as to these items there
is no uncertainty and there can be no dispute.

But, as to the further requirement that he must re-
pay to the purchaser all taxes and assessments paid by
him, or for which he has become liable, by reason of
owning the property—these being uncertain and sub-
ject to dispute—their previous tender or payment can-
not be regarded as jurisdictional. The bill, however,
should aver complainant's ignorance of such charges,
or their amounts, and should offer to do equity by pay-
ing such sums as may be found to be due the purchas-
er in that behalf; and if the tender has been justly re-
fused on that ground, with a correct specification of
the amount due by reason of such taxes and assess-
ments, the relief should not be denied, but the com-
plainant should be taxed with the costs of the suit.

The amount of money here at issue between the par-
ties is not material, since the subject-matter of the suit
and the relief sought determine the jurisdiction.

We therefore hold that the demurrers were properly
overruled.

The answer filed by respondent avers that the ten-
der made to it was insufficient, in that it did not in-
clude the taxes for the year 1910, for which respondent
was then liable; nor the 65 cents paid by him for re-
cording his tax deed; nor the proper amount of interest
on the purchase money.

In this state taxes assessed against property have al-
ways been regarded not only as a lien in rem, but also
as a personal debt due from the owner, and collectible
by a personal action.—*Perry County v. S. M. & M. R.
R. Co.,* 58 Ala. 546. Taxes are assessable on October
1st of each year, and whoever owns property on that
date is the taxable owner and personally liable for the

year's taxes.   If he should therefore convey the prop-
erty to another, he does not thereby escape his per-
sonal liability to the state, nor does his grantee ipso
facto incur a personal liability, although the taxes
are a charge in rem; but, if such grantee voluntarily
assess the property to himself, he thereby assumes and
incurs a personal liability for the taxes.

Appellant became the owner of this lot by purchase
on December 24, 1909, and had not assessed it to itself
at the date of appellee's tender to it on March 18, 1910.
Appellant was not then liable for the taxes for 1909-10,
and thereafter it had no right to create any charge
upon the lot in its own favor, nor to impose any addi-
tional burden upon appellee's right of redemption.   If
it did so and paid out money in that behalf, it is no con-
cern of appellee's, and he is not bound to repay it.

We are aware of no law requiring the redemptor to
pay the fee for recording the register's tax sale deed,
and its payment or repayment is not a condition to re-
demption.

Affirmed.   All the Justices concur.