(105 So. 185)

**LEEK et al. v. KAHN et al.** (7 Div. 578.)

(Supreme Court of Alabama. June 18, 1925.)

**1. Wills ⚖️=717—Devisees of equity of redemption, failing to exercise right to redeem within statutory period, had no interest in land after expiration of such time.**

Devisees of equity of redemption, who failed to exercise right to redeem within statutory period, had no interest in land after expiration of such time.

**2. Wills ⚖️=722—Devisees under will took no greater interest in land devised than testatrix had therein.**

Devisees under will took no greater interest in land devised than testatrix had therein.

**3. Mortgages ⚖️=624(1)—Redemption by co-owner, assuming it inured to benefit of joint owners, held not to inure to benefit of beneficiaries of trust of part of land as to which another co-owner was trustee.**

Where one of several joint owners of mortgaged estate, sold under foreclosure, was trustee of one part thereof, a redemption by one of such joint owners, assuming it was in law a redemption for all joint owners, *held* not to inure to the benefit of the beneficiaries of the trust.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill to quiet title by Joseph Kahn and others against John Bannister Leek and others. From a decree for complainants, respondents appeal. Affirmed.

Motley & Motley, of Gadsden, for appellants.

Redemption by one cotenant inures to the benefit of all. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Bailey's Adm'r v. Campbell, 82 Ala. 342, 2 So. 646; Bracely v. Noble, 201 Ala. 74, 77 So. 368; Caldwell v. Caldwell, 173 Ala. 216, 55 So. 515. The right of other heirs to participate is not affected by the fact that their right of redemption originally had been lost by limitation. Russell v. Bell, 160 Ala. 480, 49 So. 314; Winsett v. Winsett, supra.

Culli, Hunt & Culli, of Gadsden, for appellees.

There was no redemption of the land. The time in which to redeem expired before filing the bill. The three-year exception in favor of minors does not apply to statutory redemption. Mewburn's Heirs v. Bass, 82 Ala. 626, 2 So. 520; Carlin v. Jones, 55 Ala. 624; Searcey v. Oates, 68 Ala. 111; Otis v. McMillan, 70 Ala. 47; Parmer v. Parmer, 74 Ala. 285; Caldwell v. Smith, 77 Ala. 157; Seals v. Pheiffer, 77 Ala. 278; Holden v. Rison, 77 Ala. 515; Burke v. Brewer, 133 Ala. 392, 32 So. 602.

If appellants were joint owners with J. W. Leek, it was incumbent upon them to make contribution within two years after foreclosure. Savage v. Bradley, 149 Ala. 172, 43 So. 20, 123 Am. St. Rep. 30.

THOMAS, J. The appellees' bill was to quiet title. Code 1923, §§ 9905–9911; Code 1907, §§ 5443–5449.

The respondents, appellants, answered and set up their title as follows:

"* * * They say that said property was originally owned by Nancy C. Leek, deceased, late of Gadsden, Etowah county, Ala., and who died seized and possessed of the same on or about February 9, 1915, and that the said Nancy C. Leek left a last will and testament which has been duly probated, giving to said respondents one-fifth interest in said property, which they still own, and have a good title or equity to the same, a copy of which will is hereto attached and marked Exhibit A, and which is made a part of this bill, with the usual leave of reference; and respondents and each of them hereby set forth and specify their title, claim, interest in, or incumbrance upon, said land, under and by virtue of said will above set out; and they respectfully submit to this court that under said will they are entitled to said one-fifth interest in said lot, and they respectfully ask that this court will decree that their interest is one-fifth interest, which is J. T. Leek's part in their grandmother's estate, as provided in her will above set out, and that their interest and right be fully protected under your Honors' decree in this case."

Section 1 of Exhibit A, the will of Nancy C. Leek, is as follows:

"I give, devise and bequeath to Margaret M. Leek, J. T. Leek's part of my estate and household goods and furniture for the education and maintenance of John B. Leek, Thelma Leek and Louise Leek, she to make bond for same."

That instrument further provides:

"All real estate and household goods, furniture, etc. to be sold in 36 months and proceeds divided after payment of all debts, among all five heirs.

"Nannie E. Leek to have use of household goods, furniture, etc., without costs for 3 years.

"I nominate J. T. Leek and J. W. Leek, my two sons, administrators without bond and without costs."

J. T. Leek alone qualified as administrator.

Under the agreed statement of facts it appears that Margaret M. Leek is the mother of John B. Leek, Thelma Leek, and Louise Leek, and their father is J. T. Leek, a son of the testatrix; the testatrix died February 9, 1915, and her will was duly probated; that on January 27, 1913, the testatrix owned and was in possession of the lot described in the bill, and on said date, for a loan of $2,500, she executed a mortgage on said lot to the Equitable Mortgage & Trust Company; that said mortgage, being unpaid, was, on the

⚖️=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

18th day of June, 1918, transferred and assigned to C. H. Gramling by the mortgagee, for a consideration of $2,568.54; that on the 29th day of July, 1918, the said transferee foreclosed said mortgage, and the same was bid in by Janie E. Lehman for the sum bid at the foreclosure sale, and she received a foreclosure deed; that on the same day the said Janie E. Lehman, for the consideration paid by her, conveyed said lot to C. H. Gramling, who was the transferee of the Equitable Mortgage & Trust Company; that on July 29, 1918, said Gramling conveyed by deed, for a consideration of $3,038.12 and the purchase of a second mortgage on said lot, executed by all the children of Nancy C. Leek, deceased, to A. W. Ralls, as administrator of the Johnson estate, to Amos E. Goodhue.

The agreed statement of facts further shows that on May 27, 1919, Amos E. Goodhue and wife, for a consideration of $5,293, conveyed said lot to J. W. Leek, who had theretofore (March 22, 1919), for a recited consideration of $5,300, obtained a deed to said lot from J. T. Leek and wife, M. M. Leek (who, we assume, was Margaret M. Leek), Alma Stapleton and husband, J. C. Stapleton, Alice Hood and husband, D. O. Hood, Ruth Merritt and husband, E. S. Merritt, and Nannie N. Leek, unmarried, said grantors representing all the heirs of Nancy C. Leek, deceased; that J. W. Leek and wife conveyed the lot to J. H. Arnold, for a consideration of $10,000, on September 2, 1919, and the said Arnold and wife conveyed the lot to the appellees Joseph Kahn and Isaac Haas for a consideration of $12,000, on September 11, 1919; that the said grantees (appellees) have been in the peaceable possession of said lot ever since, claiming it as their own, and that no suit is pending to test the validity of such title.

[1] At the time of the execution of the will and at the time of the death of the testatrix, the only interest testatrix had in this lot was the equity of redemption. As to this lot under the will Margaret M. Leek was a devisee (or active trustee [Henderson v. Henderson, 210 Ala. 73, 97 So. 353]) of the one-fifth interest, designated in the paragraph set out from the will as "J. T. Leek's part of my estate." This mortgage was foreclosed by Gramling as the transferee from the Equitable Mortgage & Trust Company. Thereafter only the statutory right of redemption remained in the Leek heirs. Dinkins v. Latham, 202 Ala. 101, 106, 79 So. 493; Baker, Lyons & Co. v. Eliasberg & Bros. Merc. Co., 201 Ala. 591, 79 So. 13. This right to redeem not having been exercised within the statutory time, no right, title, interest, or claim remained in the devisees under the will of Nancy C. Leek, deceased, when the bill was filed.

[2, 3] At the death of testatrix, Margaret M. Leek and her joint owners took under the will no greater right, title, or interest than the testatrix had—an equity of redemption. The mortgage being thereafter effectively foreclosed, the statutory right of redemption obtained for two years. Dinkins v. Latham, 202 Ala. 101, 79 So. 493. Under the agreed statement of facts, was there an effective redemption of the land under the statute? If it be assumed that J. W. Leek's purchase was regarded in law as for all of the joint owners (his brother, sisters, and Margaret M. Leek), it is sufficient to say that the latter, with his brother, sisters, and sister-in-law, were the joint owners, and not appellants. It was Margaret M. Leek who was the active trustee for and of J. T. Leek's part of the estate. Her children were not joint owners with J. W. Leek under the will of Nancy C. Leek, deceased. This view renders unnecessary a discussion of whether the case of Savage v. Bradley, 149 Ala. 172, 43 So. 20, 123 Am. St. Rep. 30, as to contribution for redemption, is in conflict with the later cases of Russell v. Bell, 160 Ala. 480, 49 So. 314; Bracely v. Noble, 201 Ala. 74, 77 So. 368; Winsett v. Winsett, 203 Ala. 373, 83 So. 117.

The title to J. T. Leek's part in said estate (Henderson v. Henderson, 210 Ala. 73, 97 So. 353), being in Margaret M. Leek, when the latter and her husband, J. T. Leek (who was executor, etc.), with the other joint owner, conveyed the lot to the brother J. W. Leek, for a valuable consideration, it conveyed to the grantee their right, title, and interest.

That under Mrs. Leek's will it was the intention of the testatrix to vest the title in her children, or expressed subjects of her bounty named, including Mrs. Margaret M. Leek, is emphasized by her setting up the active trusteeship as to J. T. Leek's share—one of the sons whom she named as executor—and her intention is further shown by the provisions made in the will for her other kin: The life insurance to Nannie E. Leek, the provision as to Mrs. Cowan's indebtedness, the second provision for the use and disposition of the household goods, furniture, etc.

When the whole will is looked to, it is evident that the intent of testatrix was to invest Margaret M. Leek with J. T. Leek's share in her estate, household goods, and furniture, charged with a use or active trust, and that the power of disposition was conferred.

The agreed statement of facts recites:

"That in addition to the $5,300 recited consideration mentioned in deed of J. T. Leek, et al., conveying five-sixths interest in the said lands to J. W. Leek under date of March 22, 1919, the said J. W. Leek on August 20, 1920, paid to J. T. Leek as the executor of Nancy C. Leek, deceased, the sum of $1,000, of which amount the said J. T. Leek as executor of Nancy C. Leek, paid $250 to M. M. Leek as guardian of Thelma Leek, now Mrs. Hillhouse, Louise Leek, and John Bannister Leek on August 21, 1920.

"That J. T. Leek alone qualified as executor of the last will and testament of Nancy C. Leek, deceased; J. W. Leek did not qualify as such executor."

For aught that appears, under the agreed statement of facts, these defendants got their education and maintenance provided for under the will from the proceeds of the mortgage to A. W. Ralls, as administrator of the estate of Thomas L. Johnson, deceased, and the $250 Mrs. M. M. Leek, as guardian, received from J. T. Leek, as the acting executor, out of the $1,000 paid by J. W. Leek to J. T. Leek.

The original bill was filed under the statute to quiet title. Code 1923, §§ 9905–9911. The appellants filed no cross-bill, but based their rights solely under their title vested by the will of Nancy C. Leek, deceased. Under the agreed statement of facts, appellants have no right, title, interest, or claim in or to these lands, nor have they any incumbrance on the same.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.