(131 So. 440)

### KIMBLE v. FOWLER.

#### 1 Div. 598.

Supreme Court of Alabama.

Dec. 18, 1930.

Wm. J. Young, of Mobile, for appellant.

Jesse F. Hogan, of Mobile, for appellee.

FOSTER, J.

The bill in this case seeks a redemption of a lot from a sale by the city of Mobile for the payment of city taxes. The right to redeem is controlled by section 2143, Code. Under its terms, it is necessary to effect such redemption to pay to the purchaser or to the city "the amount for which the property was sold and fifteen per centum per annum, and such sums as the purchaser may have paid for taxes and assessment, and the interest thereon, and all sums for which such parties may have become liable, on account of taxes or assessments, to pay by reason of owning the property, together with the sum of two dollars to pay the cost of reconveyance of such property."

To effect a redemption under that statute, this court has held that equity has jurisdiction when the redemptioner chooses to redeem from the purchaser direct, and the latter refuses to accept a tender of payment, but that such tender "should include those items which are fixed and certain, * * * viz., the purchase price with fifteen per cent. interest to date, and the reconveyance fee. If such a tender has not been made, or is not kept good by payment into court, the redemptor's bill is without equity; for as to these items there is no uncertainty and there can be no dispute." But, as to the taxes and assessments in the nature of lawful charges, a tender of the amount of them is not jurisdictional, when complainant alleges his ignorance of their existence or amount. Bains v. Purdie, 180 Ala. 333, 60 So. 920, 921.

A similar rule obtained in this state with respect to the statutory right of redemption before there was a provision for the demand of a statement of the debt and lawful charges. Foerster v. Swift, 216 Ala. 228, 113 So. 31; Baker v. Burdeshaw, 132 Ala. 166, 31 So. 497; Lewis v. McBride, 176 Ala. 134, 57 So. 705. There is no such provision with respect to redemptions from tax sales of the nature here involved.

The bill in this case does not allege that a tender was made of the fixed charges, though it shows that complainant had knowl-

edge of the amount of them, and does not bring the same into court with a tender there and a legal excuse for not doing so theretofore. When complainant alleges a demand on defendant for a statement of the amount necessary to redeem and a failure to comply with it, that fact does not excuse a failure to tender the amount of the fixed charges known to complainant or ascertainable from the city records. Neither does that fact excuse a tender of the lawful charges, in the absence of allegations that the same was unknown to complainant, and that he could not by due diligence ascertain it without a disclosure from respondent. No such allegations appear in the original or amended bill.

While the amendment shows that complainant then paid into court a sum of money as a tender, it is not alleged that a tender was made within two years, as required by statute, or a legal excuse for not doing so. This must be done before the bill is filed, if it is not excused. But, if a tender in the bill with payment into court were sufficient as such, the tender effected by the amendment was after the expiration of two years from the sale. An amendment to effectuate such a purpose cannot relate back to the filing of the bill.

It results that the decree of the circuit court sustaining demurrer to the bill as amended was proper, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.