27 So.2d 487

**TIMMS et al. v. SCOTT.**

**5 Div. 410.**

Supreme Court of Alabama.

Oct. 10, 1946.

Denson & Denson, of Opelika, for appellants.

Jacob A. Walker, of Opelika for appellee.

SIMPSON, Justice.

The bill, in effect, invokes the general powers of equity to redeem real estate from a void municipal tax sale and to remove as a cloud on complainant's title the purchaser's tax deed resulting from such sale.

Scott is the complainant and the respondents, who have appealed from the decree overruling their demurrer to the bill, are the devisees under the will of Mrs. Margie F. McBurney, deceased, who purchased at the tax sale in 1937. The bill was filed in 1945.

The City of Opelika, in 1937, undertook to enforce its tax lien by a foreclosure sale in equity under the provisions of the 1923 Code, now Code 1940, Title 37, §§ 680–683, and, as stated, Mrs. McBurney, now deceased, was the purchaser at the sale. The applicable provisions of the 1923 Code are substantially the same as now and, for convenience, reference will be to the current Code sections.

To that aspect of the bill seeking a redemption, it is argued the bill is not maintainable because of § 689, Title 37, which limits the period of redemption from municipal tax sales to two years. This argument overlooks the fact, however, that the court never acquired jurisdiction in the proceedings resulting in the sale here considered and the sale was void. The bill, therefore, is not an effort to redeem under the statute but to redeem from a tax lien accruing after a void tax sale.

This court, in construing the statute pertaining to such tax sale proceedings

in equity, has held that in order to give the court jurisdiction the city or town clerk must file with the register a certified list of the taxable property (described and designated as required by § 680) on which taxes are delinquent, within three months after they have become delinquent. Ex parte Griffith, 209 Ala. 158(7), 95 So. 551; Code 1940, Title 37, §§ 680, 681. See also Helm v. Griffith, 19 Ala.App. 1, 95 So. 548; Quarterly Report, Attorney General, April-June, 1939, pages 208-212. Other defects not considered, this jurisdictional prerequisite, according to the bill's averments, was not complied with but, on the contrary, the delinquent tax list was not certified and filed in court until several years after the time prescribed, and, as a consequence of the lack of jurisdiction of the court to adjudicate the matter, the sale was a nullity.

■ The said limitation in § 689 could not control the status of the property in the instant suit for the reason that there was, in essence, no sale to be influenced by the two-years redemptive provision of the cited section.

■ § 687, captioned "Tax sales not void because of irregularities" and declaring against invalidating any municipal tax sale or assessment, except in cases where the taxes have been previously paid, does not affect the case. The caption does not always correctly denote the subject matter of a Code section (Ex parte Byrd, 172 Ala. 179, 55 So. 203; 37 A.L.R., Notes 1087, 1090) and the principle is strictly exemplified here where the section's implicit language contradicts the caption by recognizing that such tax sale or assessment might be invalidated in case of an ineffective court proceeding instituted under the statute to effectuate a tax sale.

The case of Kimble v. Fowler, 222 Ala. 178, 131 So. 440, is relied on by appellants as sustaining the contrary view. The bill in that case was to effect a redemption under the statute (§ 689) and thus admitted the validity of the tax sale and is, therefore, inapposite to the principles influencing the case in hand. Farmer v. Hill, 240 Ala. 416, 199 So. 820.

■ Nor does § 295, Title 51, Code 1940, embraced in the chapter dealing with "Revenue," which limits the bringing of actions "for the recovery of real estate sold for the payment of taxes" to "three years from the date when the purchaser became entitled to demand a deed therefor," have any influence. Reference to the other sections of the article in which said § 295 is embraced will clearly demonstrate that the entire chapter, including this section, is applicable only to sales for the payment of state and county taxes.

■ The bill was also challenged because of its failure to show the complainant in possession of the land.

As to the aspect just considered, the equity there sought, as stated, is to redeem from a void tax sale and we have held that the question of possession in such a case is immaterial. Baker v. Farish, 244 Ala. 178(6-8), 12 So.2d 547; Harrell v. Vieg et al., 246 Ala. 669, 22 So.2d 94. See also Bains Bros. Invest. Co. v. Walthall et al., 180 Ala. 45, 60 So. 142; Bains Bros. Invest. Co. v. Purdie, 180 Ala. 333, 60 So. 920.

And as to that aspect of the bill seeking to remove, as a cloud on complainant's title, the record of the tax sale proceedings and the tax deed resulting therefrom, the general rule (subject to exceptions, see Fies v. Rosser, 162 Ala. 504, 508, 50 So. 287, 136 Am.St.Rep. 57; 51 C.J. 183, § 99; 44 Am.Jur. 32, § 41) that the plaintiff must be in possession before equity will entertain such a bill is not here controlling.

■ The bill filed in this case is in the same court which rendered the decree of sale, alleged to be void on the face of the proceeding for lack of jurisdiction. The court rendering it possesses inherent power to vacate such a decree on application thereto by the party having rights and interests at any time subsequent to its rendition. Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Wiggins v. Steiner, 103 Ala. 655, 16 So. 8; Pickens v. Clark, 203 Ala. 544, 84 So. 738; Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372; Wilkerson v. Wilkerson, 230 Ala. 567(6), 572, 161 So. 820; Ex parte Griffin, 243 Ala. 672 (6), 11 So.2d 738; Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782 (5).

There are circumstances when not even the prescriptive period of twenty years after its rendition will deprive the court from exercising that power. Wilkerson v. Wilkerson, supra; Sweeney v. Tritsch, supra.

Whether the application to vacate be as an original bill or in some other form of pleading is immaterial. Being addressed to the same court and therein filed, its substance is what controls. The instant bill is an application of a proper character by a party having rights and interests affected by the allegedly void decree and therefore properly invokes the power of the court to the stated end.

Being a court of equity, however, as a prerequisite to the exercise of this inherent power the complainant must do equity in the premises by payment to the purchaser of those standing in her rights of all just claims for taxes which in equity and good conscience should be paid. 51 Am.Jur. 988, § 1148. This the complainant has offered to do.

It is our conclusion that the bill was well filed and that the trial court ruled correctly in overruling the demurrer.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.