102 So.2d 899

**Bertha Mae CHASTANG et al.**

v.

**WASHINGTON LUMBER AND TURPENTINE COMPANY.**

1 Div. 749.

Supreme Court of Alabama.

May 22, 1958.

Grady W. Hurst, Jr., Chatom, for appellee.

Scott & Porter, Chatom, for appellants.

LAWSON, Justice.

In this suit the matter of controversy is the title to eighty acres of land described

ás the S½ of the SW¼, Section 1, Township 2 North, Range 2 West, Washington County, Alabama.

The suit property was sold for taxes on, to wit, June 5, 1944, under an assessment to "Alfred and John Chastang, Virginia Larsocia, and Victoria Welch." John Johnston purchased the property at the tax sale for the sum of $13.66, which sum included fees and advertising costs. He assigned and transferred his certificate of purchase to C. D. Young on April 9, 1945. On October 14, 1947, C. D. Young surrendered the certificate of purchase which had been assigned to him and received from the probate judge of Washington County a tax deed to the property. On November 19, 1949, the widow and heirs at law of C. D. Young signed a quitclaim deed conveying their interest in the suit property to Washington Lumber and Turpentine Company.

On September 7, 1953, Bertha Mae Chastang, L. L. Walker, Aline Welch Williams and Saint Peter Welch filed their bill in the circuit court of Washington County, in equity, against Washington Lumber and Turpentine Company, a corporation, and against John Johnston. The bill was amended so as to strike John Johnston as a party respondent. The purpose of the bill was to redeem from the tax sale; to have an accounting for timber cut, stamps removed and turpentine procured from the trees on the suit property.

Washington Lumber and Turpentine Company filed an answer wherein it denied many of the material averments of the bill and in addition averred that it and its predecessors in title have been in the adverse possession of the suit property since it was sold for taxes in 1944. That answer was made a cross bill, the prayer of which was to the effect that the title to the suit property be quieted and that certain conveyances to L. L. Walker referred to in paragraph 5 of the original bill be set aside "and declared null and void as a cloud upon respondent [sic] title." The

complainants-cross respondents answered the cross bill.

After a hearing at which the evidence was taken orally a decree was entered by the trial court wherein the relief sought in the original bill was denied and the bill was dismissed. The trial court in its decree expressed the opinion "that the respondent has title to the property by adverse possession and the prayer of the cross bill should be granted" and ordered, adjudged and decreed "that said deeds be and they are, separately and severally, declared to be no cloud on the title of respondent to the above described lands and cancelled of record." From that decree the complainants L. L. Walker and Bertha Mae Chastang have appealed to this court.

It affirmatively appears from the decree here under review that the trial court dismissed complainants' bill because of its findings from the evidence to the effect that none of the complainants were in possession of the suit property "at the time of the institution of this suit."

■ John Chastang, Virginia Larsocia and Victoria Welch all died a number of years prior to 1944 and the tax sale in so far as it was based on an assessment to them was void. Jackson v. King, 82 Ala. 432, 3 So. 232; Scott v. Brown, 106 Ala. 604, 17 So. 731; Henderson v. Simmons, 234 Ala. 329, 174 So. 491; Webb v. Griffin, 243 Ala. 468, 10 So.2d 458; Hames v. Irwin, 253 Ala. 458, 45 So.2d 281; Bell v. Williams, 256 Ala. 298, 54 So.2d 582; Pfaffman v. Case, 259 Ala. 411, 66 So.2d 890.

■ The original bill in one of its aspects sought to redeem from the tax sale on the ground that the sale was void for the reason stated above. Possession of the suit property by the complainants at the time of the institution of the suit was not necessary to a recovery under that aspect of the bill. Baker v. Farish, 244 Ala. 178, 12 So.2d 547; Harrell v. Vieg, 246 Ala. 669, 22 So.2d 94; Timms v. Scott, 248 Ala. 286, 27 So.2d 487; Ellis v. Stickney,

253 Ala. 86, 42 So.2d 779. Cf. Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So. 2d 165; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Bell v. Propst, 220 Ala. 641, 127 So. 212, where the right to redeem was not grounded on the invalidity of the tax deed.

■ Under the evidence presented, the trial court was fully justified in finding that the character of the possession of the respondent-cross complainant and its predecessors in title since the acquisition of the tax deed from the probate judge was sufficient to invoke the provisions of § 295, Title 51, Code 1940, sometimes referred to as the short statute of limitations. See Odom v. Averett, 248 Ala. 289, 27 So.2d 479; Singley v. Dempsey, 252 Ala. 677, 42 So.2d 609. But that section provides: "But if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs or legal representatives, shall be allowed one year after such disability is removed to bring suit for the recovery thereof."

The complainant Bertha Mae Chastang was an owner of an undivided interest in the suit property at the time of the sale as an heir of John Chastang, deceased. She was a minor at the time of the sale and joined in the bringing of this suit within one year after her disability was removed.

Section 295, Title 51, supra, did not operate to bar the redemption of the interest which Bertha Mae owned at the time of the tax sale, which was void as to her interest in the property.

■ A joint owner or tenant in common who redeems from a tax sale is generally said to act for the benefit of all joint owners, if such right is seasonably exercised. Lindsey v. Atkison, 250 Ala. 481, 35 So. 2d 191.

■■ However, our cases are not clear as to whether a tenant in common or joint owner whose right to redeem is not barred can redeem the interests of his cotenants or joint owners who are barred. There is language in Russell v. Bell, 160 Ala. 480, 49 So. 314; Russell v. Bell, 169 Ala. 646, 53 So. 997; Bracely v. Noble, 201 Ala. 74, 77 So. 368, and in Winsett v. Winsett, 203 Ala. 373, 83 So. 117, which is perhaps subject to the construction that a cotenant or joint owner who is not barred by the statute of limitations may redeem the entire estate as a matter of right, although his cotenants and joint owners are barred from redeeming because of the statute of limitations. We will not undertake to make an analysis of the holdings in the cases last cited, for we are of the opinion that the correct rule is that stated by Mr. Justice Sayre in the opinion he prepared for the court in Hood v. Johnston, 210 Ala. 617, 619, 99 So. 75, 77, from which we quote as follows:

"It is the settled law of this state that, as against a mere disseizer or a stranger to the title, one tenant in common may recover the whole estate, and that the recovery in such case inures to the benefit of all. Hooper v. Bankhead, 171 Ala. [626] 631, 54 So. 549. But that statement of the rule contemplates that all the cotenants are entitled to recover. That is not the case here, as we have shown above. Tenants in common hold by several and distinct titles, but by unity of possession. Thompson v. Mawhinney, 17 Ala. [362] 368, 52 Am.Dec. 176; Shepard v. Mount Vernon Lumber Co., 192 Ala. [322] 326, 68 So. 880, 15 A.L.R. 23. In such case it is generally held by the courts that the disability of one will prevent the operation of the statute of limitation as to him, but that those not under disability will be barred; each shall recover or be barred as to his aliquot interest in the land, as he may be within or without the saving of the statute. Moore v. Armstrong, 10 Ohio 11, 36 Am.Dec. 63, note on page 78; McFarland v. Stone, 17 Vt. 165, 44 Am.Dec 325, note on page 328. Such is the rule in England. Barrow's Lessee v. Novee, 2 Yerg.,

Tenn., [227] 229. This, we think, is in accord with justice and the remedial provisions of the statute of limitation. It is also the rule in this jurisdiction that plaintiff cotenant, claiming the whole estate, may recover an undivided interest. Baker v. Chastang's Heirs, 18 Ala. 417; Jones' Heirs v. Walker, 47 Ala. 175."

We hold that the interest which Bertha Mae Chastang owned in the suit property at the time of the tax sale was subject to redemption and, hence, the trial court erred in denying her the relief for which she prayed and in dismissing the bill. We also hold that her deed conveying a part of her interest in the suit property to L. L. Walker was not subject to cancellation on the ground that she had no interest to convey.

The decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.