299 So.2d 723

**Frances B. JONES**

v.

**P. B. McLAUCHLIN, Jr., as Administrator, etc.**

**SC 426.**

Supreme Court of Alabama.

Aug. 29, 1974.

32

P. B. McLauchlin, Jr., Ozark, for appellee.

Kenneth R. Cain, Ozark, for appellant.

HARWOOD, Justice.

On 10 April 1958, Emma B. McDaniel and her husband James Marlin McDaniel, leased to the Pure Oil Company a parcel of land referred to in this record as the Pure Oil Truck Stop. The lease was for ten years at a rental of $26,116.80, payable

in monthly installments of $217.64 per month.

On that same day, and apparently contemporaneously, the Pure Oil Company sub-leased (re-leased) the Pure Oil Truck Stop property, and all improvements to be constructed thereon to the McDaniels for a ten year term beginning 10 April 1968, for a term rental of $26,116.80, payable in monthly installments of $217.64 per month.

At this same time, the McDaniels executed a mortgage to the Pure Oil Company covering the Pure Oil Truck Stop property. The mortgage secured the sub-lease, or re-lease, and provided that if: " * * * any and all sums of money to be paid by the Mortgagors to the Mortgagee as provided for in the sub-lease agreement, [be paid] * * * then this mortgage shall be null and void * * * "

We think it obvious that the mortgage on the Pure Oil Truck Stop was executed to secure not only the indebtedness due under the mortgage, but also to secure the indebtedness due under the sub-lease.

Emma B. McDaniel died on 17 September 1966, some eight years after the execution of the above documents.

It is to be necessarily inferred from the record and briefs of counsel, though not clearly shown from the record, that in due course after the death of Emma B. McDaniel, J. D. Blackman and Jack E. Blackman became co-administrators of her estate, and entered upon their duties as such administrators.

Thereafter, Frances B. Jones offered for probate a will purporting to be the last will and testament of Emma B. McDaniel. Under this will, a certain parcel of land referred to in the proceedings below as the Pure Oil Truck Stop was devised to Frances B. Jones. This parcel is located in Dale County and is some six acres in extent.

Upon the presentation of the Will for probate, a contest was filed as to that portion devising the truck stop to Frances B. Jones. A jury decided the issues in favor of the contestants. The judgment entered pursuant to this verdict was appealed to this court, and on 13 November 1969, this court reversed said judgment because of the giving of an erroneous charge requested by the contestants. See Jones v. Blackman et al., 284 Ala. 684, 228 So.2d 1.

Pending the above appeal, and during the time the Blackmans were administrators, the Pure Oil Company initiated steps looking toward the foreclosure of its above mentioned mortgage. The Blackmans, as administrators, thereupon worked out an arrangement with the Bank of Ozark whereby the bank would acquire the Pure Oil mortgage. The bank purchased the mortgage on 17 January 1969 for the sum of $13,602.68, and foreclosure proceedings were abated.

After acquiring additional funds for the estate by the sale of other lands belonging to the estate, the administrators purchased the mortgage from the Bank of Ozark for the sum of $13,942.90, thus preserving the equity in the Pure Oil Truck Stop as an asset of the estate. All of this was done under an order duly issued by the court on 10 May 1969. This order also provided that the administrators hold said mortgage as an asset of the estate pending the outcome of the appeal of the judgment entered in the will contest, and provided further that in the event such appeal be decided in favor of Frances B. Jones, then the administrators should require that she be liable for the mortgage indebtedness. Frances B. Jones had notice of the proceedings leading to the order of 10 May 1969, was present and represented by counsel at such proceedings, and filed no objections to the sale or the purchase of the mortgage.

Subsequent to this order of 10 May 1969, a second trial of the contest of the will of Emma B. McDaniel was had, and in this second trial the issues were decided in favor of the validity of the will. No appeal

was perfected from the judgment entered in this second trial.

Thereupon the Blackmans had a final settlement and accounting of their administration, and apparently were discharged as administrators. At this hearing and settlement, the Blackmans presented a full statement of their accounts as administrators which had been prepared by Mr. Sidney H. Walker, a certified public accountant. Listed in such statement as an asset of the estate was the Pure Oil Company mortgage showing an obligation of $13,942.90 then due under such mortgage. Frances B. Jones and her counsel were present at such settlement hearing and filed no objections thereto.

Following the final settlement of the Blackmans, P. B. McLauchlin became administrator cum testamento annexo of the last will and testament of Emma B. McDaniel.

On 14 September 1971, McLauchlin, as such administrator, filed a "Petition for Instructions" with the court below.

The petition sets out that no payment of any portion of the Pure Oil Company mortgage indebtedness had been made by Frances B. Jones, and that the mortgage was in default and subject to foreclosure. McLauchlin asked for instructions as to whether the mortgage should be foreclosed, and if so, should Frances B. Jones be given a period of time in which to pay the mortgage indebtedness, and further, what rate of interest should the mortgage indebtedness bear.

This petition was set for hearing and Frances B. Jones was given notice thereof.

After a hearing on this petition, the court entered an order adjudging that $13,942.90 was the balance due and owing on the mortgage; that the mortgage should be foreclosed; that Frances B. Jones be allowed 90 days to pay off the indebtedness in full; and that the mortgage indebtedness should bear interest at the rate of six per cent per annum. *This order was entered on 19 November 1971.*

On 10 February 1972, Frances B. Jones filed what is captioned a "Petition for an Amended Decree." The first paragraph of this petition asserts the decree of 19 November 1971 requiring Frances B. Jones to pay $13,942.90, in effect required a payment by her on "a mortgage made by a previous administrator of the Estate of Emma B. McDaniel, deceased, upon properties of the estate" which were a legacy to Frances B. Jones.

Such statement misapprehends the undisputed factual situation. No mortgage was ever made on the Pure Oil Truck Stop property by an administrator but was made by Emma B. McDaniel and her husband. This mortgage was later acquired by the estate of Emma B. McDaniel in an effort to protect the Pure Oil Truck Stop property as an asset of the estate. This of course would redound to the benefit of the heirs or to the devisee of the property. Frances B. Jones being the devisee, this action was particularly beneficial to her after the paragraph devising the truck stop property to her was upheld in the second trial of the contest of the will.

The remaining stating part of this petition in effect questions the correctness of the court in its findings in the decree of 19 November 1971. This despite the fact that Frances B. Jones had been present at the final settlement of the Blackmans as administrators when the amount due on the mortgage was fixed after due hearing, and no objections were filed by her to this determination.

The petition prays the court to amend its decree of 19 November 1971 and find that Frances B. Jones owes nothing on the mortgage in question, and that in truth the estate of Emma B. McDaniel owes $4,000.-00 to her.

On 24 February 1972, a lengthy answer was filed to this petition by the administrator C.T.A., and also a motion to strike the same. The ground of the motion to strike

was that the decree of 19 November 1971, now sought to be amended, was a final decree, and under Equity Rule 62 a final decree cannot be altered after 30 days from its rendition, except to correct clerical errors.

On 31 March 1972, an amendment was filed to the "Petition for an Amended Decree" which sought to change the caption of the petition to "A Complaint in the Nature of a Bill of Review."

On 10 May 1972, the petition or bill was again amended by asserting additional facts allegedly showing that Frances B. Jones owed nothing on the mortgage.

The original "Petition for an Amended Bill" was clearly filed too late. Apparently in an effort to cure this defect, the caption of the document was changed by an amendment to read "A Complaint in the Nature of a Bill of Review." The petition or bill is in effect a restatement and argument that Frances B. Jones owed nothing on the mortgage, and that indeed the estate owed her money over and above the devise to her of the Pure Oil Truck Stop.

As we read this document there are no facts stated, nor any assertion that the decree of 19 November 1971 was procured by fraud, or mistake, and without fault on the part of Frances G. Jones. Indeed from the record before us no such assertions could have been substantiated. The lower court could therefore well have granted the motion to strike the purported "Complaint in the Nature of a Bill of Review." See Tilley, Alabama Equity Practice and Procedure, Secs. 207 through 215.

The court, however, denied the motion to strike and a full hearing was had on the purported bill in the nature of a bill of review. Since the judgment and decree thereafter rendered in these proceedings was adverse to Frances B. Jones, nothing for review is presented in this aspect.

In the hearing below on this "Complaint in the Nature of a Bill of Review" the evidence presented by Frances B. Jones consisted largely of the testimony of her attorney, Kenneth R. Cain, he being examined by Miss Alice Anderson. The thrust of Mr. Cain's testimony was that he was in disagreement with the report of Sidney H. Walker, C.P.A., as to the financial condition of the estate of Emma B. McDaniel at the date of the report. This report as before stated, was made the basis of the final accounting of the Blackmans' administration. The Pure Oil mortgage having been acquired by the administrators, was listed as an asset, with $13,942.90 due thereon.

This report was received in evidence in the present proceedings. One basis of Mr. Cain's present objection to Mr. Walker's accounting report was that during the time the Blackmans were administrators, the Pure Oil Truck Stop would have been rented for $900.00 per month. Testimony by the Blackmans was to the effect that after the acquisition of the Pure Oil Company mortgage, they had to rent the truck stop on a gallonage rental basis. The evidence reflects that the rent thus produced was far less than the rental estimate of Mr. Cain.

On 20 February 1973, the court entered its final decree. Again it was found that the amount due on the mortgage was $13,942.90; that the mortgage was a valid lien on the property described therein, known as the Pure Oil Truck Stop; and no payment of any portion of the mortgage indebtedness had been made by or in behalf of Frances B. Jones.

In brief counsel for appellant directs his argument and citation of authorities as though these proceedings involved an unsecured claim against an estate, rather than a debt secured by a mortgage on the parcel of land devised to Frances B. Jones under the will of Emma B. McDaniel. We have read the confused, and often confusing, evidence presented by the appellant. No analysis thereof will be undertaken. Suffice to say that there was evidence in this record entirely sufficient to sustain the decree rendered.

No presentation of a claim against a mortgagor's estate is necessary to authorize the enforcement of a mortgage against the mortgaged land. Dirago v. Taylor, 227 Ala. 271, 150 So. 150; King v. Porter, 230 Ala. 112, 160 So. 101. Only if a lien debt is to be a charge against the general estate is a due filing with a personal representative necessary. Faulk v. Money, 236 Ala. 69, 181 So. 256 (1938). And of course an heir or devisee takes no greater interest in the land devised than the one through whom he claims. Leek v. Kahn, 213 Ala. 365, 105 So. 185.

It is our conclusion that the decree here involved is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and FAULKNER, JJ., concur.