I dissent. The circuit court's judgment upholding the probate court's order setting aside the final settlement of the estate and ordering the estate to pay off the mortgage indebtedness on the decedent's real property should be reversed.
The doctrines of res judicata and collateral estoppel precluded the probate court from revisiting the issue of fraud in the sale of the decedent's real property. See Lee L. Saad Constr. Co. v.DPF Architects, *Page 929 P.C., 851 So.2d 507 (Ala. 2002). The circuit court, in its order of September 16, 2002, refusing to set aside the sale of the decedent's real property and confirming the sale to the buyer, had previously determined that there was "no evidence of fraud" in the sale of the property.
The probate court had no authority to order the estate to pay off the mortgage indebtedness on the decedent's real property because the mortgagee did not file a claim against the estate within the statutory time period prescribed for filing such a claim. See 43-2-350(a), Ala. Code 1975 (providing that "[a]ll claims not . . . presented and filed are forever barred, and the payment or allowance thereof is prohibited"). Of course, "[n]o presentation of a claim against a mortgagor's estate is necessary to authorize the enforcement of a mortgage against the mortgaged land." Jones v. McLauchlin, 293 Ala. 31, 36, 299 So.2d 723, 726
(1974). The buyer necessarily purchased the property subject to the mortgage because the estate could sell no greater interest in the real property than the decedent had. Id.